# NO. 12-12-00245-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THOMAS CLEVELAND SMITH,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Thomas Cleveland Smith appeals his conviction for aggravated assault. He raises one issue on appeal relating to the imposition of court costs. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with the felony offense of aggravated assault.[1] On April 15, 2006, Appellant pleaded guilty to the offense and pleaded true to the deadly weapon allegation. Appellant's pleas of guilty and true were made without an agreement on punishment. The trial court conducted the sentencing hearing on June 12, 2006. Ultimately, the trial court assessed punishment at fifteen years of imprisonment, with no fine.

The judgment of conviction assessed $558.00 in costs and was signed on July 3, 2006.[2]

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

[2] The Texas Court of Criminal Appeals granted Appellant's request for an out-of-time appeal. ***Ex parte Smith***, No. AP-76815, 2012 WL 2133699 (Tex. Crim. App. June 13, 2012) (not designated for publication). Thus, this appeal is properly before this court.

## SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

Appellant argues that the trial court erred by imposing court costs that were not supported by the bill of costs and requests that those costs be deleted from the trial court's judgment. After Appellant filed his brief, the record was supplemented with a bill of costs. Accordingly, we review Appellant's issue as a challenge to the sufficiency of the evidence supporting court costs. *See Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet.) (permitting supplementation of record with bill of costs and conducting sufficiency analysis).[3]

### Standard of Review and Applicable Law

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *6 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson*, 2013 WL 3054994, at *3.

Some court costs, such as attorney's fees, may not be assessed against a defendant if he was found indigent because his indigence is presumed to continue throughout the remainder of the proceedings "unless a material change in [his] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). If a trial court does not make a determination that a defendant's financial circumstances materially changed that is also supported by some factual basis in the record, the evidence will be insufficient to impose attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2012); *Mayer*, 309 S.W.3d at 553; *Wolfe v. State*, 377 S.W.3d 141, 144, 146 (Tex. App.—Amarillo 2012, no pet.).

---

[3]Appellant contends that his right to due process was violated because the trial court's assessment of court costs was issued in such a way as to prevent him from being able to challenge whether the costs were correctly assessed. Because the record was supplemented with a bill of costs, this argument is moot. *See Ballinger v. State*, No. 12-12-00280-CR, 2013 WL 3054935, at *2 n.4 (Tex. App.–Tyler June 19, 2013, no pet.) (not yet released for publication).

## Discussion

The judgment of conviction reflects that the trial court assessed $558.00 in court costs. The supplemental clerk's record shows that a bill of costs was filed on October 26, 2012 that assessed $558.00 in court costs. We have reviewed each of the fees listed in the bill of costs. Except for the item listed as "SB7 ATTY FEE FOR 7TH DISTRICT COURT," all other costs and fees are authorized by statute.

The State concedes that the imposition of the attorney's fees is improper. The record shows that Appellant was determined indigent on two separate occasions because he received appointed counsel to represent him for the first time at trial and for the second time on appeal. There is no evidence in the record to rebut the presumption that Appellant's indigence continued throughout the remainder of the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Wolfe*, 377 S.W.3d at 144. Consequently, the evidence is insufficient to support the imposition of attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p), 26.05(g); *Mayer*, 309 S.W.3d at 553; *Wolfe*, 377 S.W.3d at 146. The record is, however, sufficient to support the imposition of $258.00 in court costs. Accordingly, we sustain Appellant's sole issue on appeal in part.

## DISPOSITION

Having sustained Appellant's sole issue in part, we modify the judgment of the trial court to reflect that the amount of court costs is $258.00. *See* TEX. R. APP. P. 43.2(b). We ***affirm*** the judgment of the trial court ***as modified***. *See **id.***

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 24, 2013**

## NO. 12-12-00245-CR

**THOMAS CLEVELAND SMITH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 007-1835-05)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the trial court below be **modified** to reflect that the amount of court costs is $258.00; **and as modified**, the judgment of the trial court is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

4