# NOS. 12-12-00273-CR
# 12-12-00275-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER MORRIS BOWMAN,*<br>*APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Christopher Morris Bowman appeals his convictions for felony driving while intoxicated and possession of a controlled substance for which he was sentenced to imprisonment for eighteen years and eight years respectively. Appellant raises two issues on appeal of his conviction for felony driving while intoxicated and a single issue on appeal of his conviction for possession of a controlled substance. We modify and affirm as modified in each cause.

## BACKGROUND

Early in the morning of April 10, 2011, two vehicles were driving near the American Inn, a hotel in North Tyler. Appellant was driving a black BMW sedan, and Jonathan Lester was driving a pickup truck. Appellant was driving very closely behind Lester's vehicle. As the two vehicles approached the hotel, Appellant passed Lester and entered the hotel parking lot. Appellant drove his car up a steeply inclined driveway and stopped his vehicle there. Lester drove his truck into the driveway behind Appellant. Suddenly, Appellant's vehicle rolled

backward into Lester's truck.[1]  Appellant drove his vehicle forward and, again, it abruptly rolled backward into Lester's truck as Lester attempted to aggressively maneuver his vehicle in reverse to avoid a second collision.  Thereafter, Appellant drove his vehicle into the hotel parking lot. Following an investigation by Tyler police officers, Appellant was arrested for driving while intoxicated.

Appellant was charged by indictment with felony[2] driving while intoxicated and pleaded "not guilty."  The indictment also included a "deadly weapon" allegation.  Following a jury trial, Appellant was found "guilty" as charged.  The matter proceeded to a trial on punishment.  At the trial on punishment, Appellant also pleaded "guilty" in a separate cause to possession of a controlled substance.  Ultimately, the trial court found that Appellant used or exhibited a deadly weapon during the commission of the offense and sentenced Appellant to imprisonment for eighteen years for felony driving while intoxicated.  The court also sentenced Appellant to imprisonment for eight years for possession of a controlled substance.  This appeal followed.[3]

## EVIDENTIARY SUFFICIENCY OF DEADLY WEAPON FINDING

In his first issue in cause number 12-12-00273-CR, Appellant argues that the evidence is legally insufficient to support the trial court's finding that he used his motor vehicle as a deadly weapon during the commission of the offense of driving while intoxicated.

The *Jackson v. Virginia*[4] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt.  *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).  Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction.  *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6

---

[1] Lester was driving to the hotel to pick up his brother, who was walking toward the vehicles at the time of the accident.

[2] It was subsequently determined that Appellant had two prior convictions for driving while intoxicated.

[3] Cause number 12-12-00273-CR is Appellant's appeal from his conviction for felony driving while intoxicated.  Cause number 12-12-00275-CR is Appellant's appeal from his conviction for possession of a controlled substance.

[4] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

The Texas Penal Code defines a "deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2012). "To determine whether the evidence supports a deadly weapon finding in cases involving motor vehicles, we conduct a two-part analysis." *Foley v. State*, 327 S.W.3d 907, 916 (Tex. App.–Corpus Christi 2010, pet. ref'd); *Hilburn v. State*, 312 S.W.3d 169, 177 (Tex. App.–Fort Worth 2010, no pet.) (citing *Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009)). We first "evaluate the manner in which the defendant used the motor vehicle during the felony." *Sierra*, 280 S.W.3d at 255. We then "consider whether, during the felony, the motor vehicle was capable of causing death or serious bodily injury." *Id.*

Here, Appellant challenges only the sufficiency of the evidence supporting whether, during the felony, his motor vehicle was capable of causing death or serious bodily injury. To sustain this finding, several Texas courts have held that when an accident has occurred, there must be evidence that others were actually endangered. *See Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003); *Foley*, 327 S.W.3d at 916; *Owen v. State*, No. 03-08-00403-CR, 2010 WL 668892, at *3–4 (Tex. App.–Austin Feb. 26, 2010, no pet.) (mem. op., not designated for publication) (evidence legally sufficient to support finding that intoxicated driver was using

3

vehicle in manner capable of causing death or serious bodily injury where two witnesses saw driver collide with vehicle parked in driveway, vehicle came within ten to fifteen feet of witnesses traveling at twenty-five to thirty miles per hour, and police officer testified that car driven at that speed and in uncontrolled manner described was capable of causing serious bodily injury). A hypothetical potential for danger is not sufficient. *Foley*, 327 S.W.3d at 916; *Cates*, 102 S.W.3d at 738. We must examine the record for evidence that there was someone present who was placed in danger of serious bodily injury or death. *See Drichas v. State*, 219 S.W.3d 471, 475–76 (Tex. App.–Texarkana 2007, no pet.); *see also Owen*, 2010 WL 668892, at *3.

In the instant case, there is ample evidence that there were others in the immediate vicinity of Appellant's vehicle at the time and place where he collided with Lester's vehicle. Lester's vehicle was stopped closely behind Appellant's vehicle and was struck twice by Appellant's vehicle despite Lester's attempts to aggressively reverse his car to avoid a second impact. Moreover, Lester's brother was walking toward the vehicles when the collisions occurred. Further still, Tyler police officer Timothy Hutson testified at Appellant's trial on punishment that a vehicle that is traveling backward at a slow rate of speed and strikes another vehicle several times is being operated in a manner that is capable of causing death or serious bodily injury. Based on our review of the record, we conclude that the evidence supports that both Lester and his brother were placed in danger of serious bodily injury as a result of Appellant's reckless driving. Therefore, we hold that the evidence is legally sufficient to support the trial court's "deadly weapon" finding. Appellant's first issue in cause number 12-12-00273-CR is overruled.

### EVIDENTIARY SUFFICIENCY OF COURT COSTS

In his second issue in cause number 12-12-00273-CR and his sole issue in cause number 12-12-00275-CR, Appellant contends that the trial court erred by imposing court costs not supported by a bill of costs and by ordering that the same be withdrawn from his inmate trust account. Since the filing of Appellant's brief, the record in each cause has been supplemented with a bill of costs. *See Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet. h.) (permitting supplementation of record with bill of costs). Accordingly, we review Appellant's issues as challenges to the sufficiency of the evidence

supporting court costs in each cause.[5]

## Standard of Review and Applicable Law

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer*, 309 S.W.3d at 557 (Tex. Crim. App. 2010); *Cardenas v. State*, 2013 WL 1164365, at \*6. Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson*, 2013 WL 3054994, at \*3.

Some court costs, such as attorney's fees, may not be assessed against a defendant if he was found indigent because his indigence is presumed to continue throughout the remainder of the proceedings "unless a material change in [his] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). If a trial court does not make a determination that a defendant's financial circumstances materially changed that is also supported by some factual basis in the record, the evidence will be insufficient to impose attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2012); *Mayer*, 309 S.W.3d at 553; *Wolfe v. State*, 377 S.W.3d 141, 144, 146 (Tex. App.–Amarillo 2012, no pet.).

## Evidence Supporting Assessment of Costs

In cause number 12-12-00273-CR, the judgment of conviction reflects that the trial court assessed $798.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $798.00. The certified bill of costs itemizes the court costs imposed, which also total $798.00. We have reviewed each of the fees listed in the bill of

---

[5] In response to Appellant's second issue in cause number 12-12-00275-CR, the State argues that Appellant was required to preserve error in order to challenge the assessment of costs. We disagree. *See Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at \*5 (Tex. App.–Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication) ("contemporary objection in the trial court is not required" to challenge assessment of costs) (citing *Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010) ("A claim regarding sufficiency of the evidence need not be preserved for review at the trial level and is not waived by the failure to do so.")). The State also argues that Appellant should not be allowed to benefit from an incomplete record when he fails to request that a bill of costs be included in the record on appeal. We need not address this argument because the record has been supplemented with a bill of costs. *See* TEX. R. APP. P. 47.1.

costs. Except for the items listed as "attorney fees," "DNA Sample Cost" and "graffiti eradication fund," all other costs and fees are authorized by statute.

In cause number 12-12-00275-CR, the judgment of conviction reflects that the trial court assessed $378.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $378.00. The certified bill of costs itemizes the court costs imposed, which total $378.00. We have reviewed each of the fees listed in the bill of costs. Except for the item listed as "DNA Sample Cost," all other costs and fees are authorized by statute.

The State concedes that the assessment of attorney's fees in cause number 12-12-00273-CR is improper. The trial court twice determined that Appellant was indigent, and there is no evidence in the record to rebut the presumption that Appellant's indigence continued throughout the remainder of the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Wolfe*, 377 S.W.3d at 144. As a result, the evidence is insufficient to support the imposition of attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p), 26.05(g); *Mayer*, 309 S.W.3d at 553; *Wolfe*, 377 S.W.3d at 146.

The item listed as "DNA Sample Cost," may be imposed, among other instances, where an individual convicted of a felony is placed on community supervision and is required to submit a DNA sample. *See* TEX. CODE CRIM. PROC. ANN. arts. 42.12, § 11(j), 102.020(a)(3) (West Supp. 2012). Appellant was assessed the "DNA Sample Cost" in each case. However, Appellant was not placed on community supervision in either of these cases. Accordingly, the evidence is insufficient to support the imposition of the $34.00 "DNA Sample Cost" assessed in each bill of costs.

The "graffiti eradication fund" fee should not be imposed unless an individual is convicted of an offense under Section 28.08 of the penal code.[6] Appellant was not convicted under Section 28.08 in cause number 12-12-00273-CR. Accordingly, the evidence is insufficient to support the imposition of the "graffiti eradication fund" cost.

We sustain in part Appellant's second issue in cause number 12-12-00273-CR. We

---

[6] A person commits a criminal offense under Section 28.08 if, "without the effective consent of the owner, the person intentionally or knowingly makes markings, including inscriptions, slogans, drawings, or paintings, on the tangible property of the owner with: (1) paint; (2) an indelible marker; or (3) an etching or engraving device." TEX. PENAL CODE ANN. § 28.08 (West 2011).

further sustain in part Appellant's sole issue in cause number 12-12-00275-CR.

## CONCLUSION

We have overruled Appellant's first issue in cause number 12-12-00273-CR, but have sustained Appellant's second issue in that cause in part. Moreover, we have sustained in part Appellant's sole issue in cause number 12-12-00275-CR.

In cause number 12-12-00273-CR, we modify the trial court's judgment to reflect that the amount of court costs is $459.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $459.00. *See, e.g., Reyes v. State*, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.). We *affirm* the trial court's judgment *as modified* in cause number 12-12-00273-CR. *See* TEX. R. APP. P. 43.2(b).

In cause number 12-12-00275-CR, we modify the trial court's judgment to reflect that the amount of court costs is $344.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $344.00. *See, e.g.*, *Reyes*, 324 S.W.3d at 868. We *affirm* the trial court's judgment *as modified* in cause number 12-12-00275-CR. *See* TEX. R. APP. P. 43.2(b).

**SAM GRIFFITH**
Justice

Opinion delivered July 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 24, 2013

### NO. 12-12-00273-CR

**CHRISTOPHER MORRIS BOWMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 007-1032-11)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $459.00. We also modify Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $459.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 24, 2013

### NO. 12-12-00275-CR

**CHRISTOPHER MORRIS BOWMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 007-1507-11)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $344.00. We also modify Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $344.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*