# NO. 12-12-00339-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LEO DANIEL HARBER,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Leo Daniel Harber appeals his conviction for sexual assault. In four issues, Appellant argues that the trial court erred in admitting evidence and that the evidence is insufficient to support the trial court's judgment. We modify the judgment and affirm as modified.

### BACKGROUND

Appellant pleaded guilty to the offense of sexual assault in 2004. Pursuant to an agreement reached between Appellant and the State, the trial court found that the evidence substantiated Appellant's guilt and placed him on deferred adjudication community supervision for a period of ten years. One of the conditions of Appellant's community supervision was that Appellant could not "own, possess, or be around at any time or any place a firearm."

In 2012, the State filed to adjudicate Appellant's guilt. In the application, the State alleged that Appellant had possessed a firearm. Appellant pleaded not true, but the trial court found that allegation to be true, adjudicated Appellant guilty, and assessed a punishment of imprisonment for twenty years. This appeal followed.

## ADMISSION OF EVIDENCE

In his first and second issues, Appellant argues that the trial court erred in admitting a letter during the penalty phase of the proceeding. Specifically, he argues that the letter was not authenticated by any witness, that its probative value was outweighed by the danger of unfair prejudice, and that its admission violated Appellant's Sixth Amendment right to confront witnesses against him.

The letter in question was posted on the house of Appellant's wife's adult daughter. She lived next door to the house where Appellant lived. The letter reads, "I wouldn't. I revoked my rights to allow you near my kids when I'm here, and trespassing when I have 6 kids, 2 of them girls is illegal for a registered sex offender. So is taking pictures of my girl's bedrooms. Leave me alone + I'll return the favor."

The State first offered the photograph of the letter during the adjudication phase of the hearing. Appellant objected to the letter on the basis that it was irrelevant and because it was hearsay. The trial court sustained the relevancy objection but indicated that it would reconsider its ruling. After the trial court found that Appellant had violated the terms of his community supervision, the State offered the letter again. Appellant "renew[ed] our same objection on that [sic] relevance." Counsel made a statement that the person who may have written the letter could have been brought as a witness but returned to the argument that the document was irrelevant. The trial court, citing Texas Code of Criminal Procedure Article 37.07,[1] found that the document was relevant, and admitted it.

On appeal, Appellant does not argue that the document is irrelevant, the argument he advanced at trial. Instead, he asserts that it was not properly authenticated, that its admission violates Rule of Evidence 403 because it is more prejudicial than probative, and that its admission violates his right to confront witnesses.

To preserve an issue for appellate review, a party must make an objection in the trial court that is specific and clear enough to provide the judge and the opposing party an opportunity to address and, if necessary, correct the purported error. *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App.

---

[1] We express no opinion, generally, on the admissibility of this evidence at a punishment hearing. While Article 37.07 does not suspend the rules of evidence, it does expand the zone of relevant evidence during the punishment phase of a trial. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § (3)(a)(1) (West Supp. 2012); *Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007).

2009). An objection is considered in the context in which the complaint was made and the parties' shared understanding of the complaint at that time. *See **Lankston v. State***, 827 S.W.2d 907, 911 (Tex. Crim. App. 1992). It does not appear that the parties or the trial court understood Appellant's objection to be anything other than an objection to the evidence on the basis of relevance. The three theories Appellant now offers to exclude the evidence were not argued to the trial court, and so these issues are not preserved for our review. *See* TEX. R. APP. P. 33.1(a)(1); ***Resendiz v. State***, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003).

Even if Appellant's suggestion that the State should have brought the letter writer as a witness did preserve the arguments he now makes about authentication and confrontation of witnesses, Appellant has not shown any reversible error. The Confrontation Clause of the Sixth Amendment of the United States Constitution requires that a defendant be permitted to cross examine a person before his "testimonial" statements can be admitted. *See **Crawford v. Washington***, 541 U.S. 36, 54, 124 S. Ct. 1354, 1366, 158 L. Ed. 2d 177 (2004). Whether a statement is testimonial can be difficult to determine with specificity in certain cases, but this letter does not appear to be testimonial.

Testimonial statements include ex parte in–court testimony or its functional equivalent including affidavits, or other "pretrial statements that declarants would reasonably expect to be used prosecutorially." ***Id***., 541 U.S. at 51–52, 124 S. Ct. at 1364. This document is a letter posted on a house. It does not resemble anything like a statement to the police or court testimony. Also, the document scarcely contains any factual assertions at all. To the extent that there is an assertion that Appellant had taken pictures of a child's bedroom or had been around children, it is simply not possible to conclude that the writer intended to have that statement used in court as a substitute for testimony. Therefore, any implicit ruling on an objection invoking the Confrontation Clause is not in error.

Appellant does not develop his argument that the letter is unauthenticated. Instead, he simply states that the record is devoid of testimony or evidence suggesting the authorship or authenticity of the handwritten letter. We disagree. The authenticity requirement is "satisfied by evidence to support a finding that the matter in question is what its proponent claims." *See* TEX. R. EVID. 901(a). A police officer testified that the letter was a copy of the letter discovered on a house next to Appellant's house. The weight and relevance to be assigned to a hearsay document authorized by an unknown person is an entirely different question. But we are unable to conclude that the trial court

3

erred in determining, if it did, that the exhibit was an authentic representation of the letter recovered by the police officer.   We overrule Appellant's first and second issues.

**SUFFICIENCY OF THE EVIDENCE**

In his third issue, Appellant argues that the evidence is insufficient to support the revocation of his community supervision.

**Standard of Review**

To revoke community supervision, the state must prove a violation of a condition of community supervision by a preponderance of the evidence.   *See* *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013).   In this context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]."   *Id*. at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)).

We review a trial court's decision to revoke community supervision for an abuse of discretion in light of the state's burden of proof.   *Hacker*, 389 S.W.3d at 864.   Evidence is insufficient when "the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence."   *Id*. (quoting *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010)).

**Analysis**

Appellant argues that the evidence does not show he exercised actual care, control, or custody of a firearm, was conscious of his connection with it, and possessed it knowingly or intentionally. This is a definition of possession.   *See, e.g.*, TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010).   The trial court found that Appellant violated the condition of his community supervision that he not be "around at any time or place, a firearm, explosive device, ammunition, or firearm parts."[2]   This is not evidence of possession, but it is sufficient to be a violation of Appellant's community supervision because he was forbidden to be "around" a firearm.

The trial court's factual conclusion is supported by the record.   An officer testified that Appellant told him where firearms could be found in the home–in the closet of the master bedroom– and that firearms were found in that location.   Additionally, Appellant's wife answered in the

---

[2]   The trial court stated, "All I have heard here today [is] they were in your home; that you directed law enforcement to them.   So that is being around them."

affirmative when asked if the evidence would indicate that Appellant knew the guns were present. Because the evidence supports the trial court's finding that Appellant violated the terms of his community supervision by being around firearms, we overrule Appellant's third issue.

## COURT COSTS

In his fourth issue, Appellant argues that the court costs assessed in this case are not supported by a bill of costs and asks this court to modify the judgment and impose those costs that are supported by the record.[3]

We measure the sufficiency of the evidence supporting an order of court costs by reviewing the record in the light most favorable to the award. *Mayer*, 309 S.W.3d at 557. Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Attorney's fees, however, may not be assessed against a defendant who has been found to be indigent "unless a material change in [his] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). A finding of a change of circumstances is a necessary prerequisite to the imposition of attorney's fees, and the evidence will be insufficient to support such an order in the absence of that finding. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2012); *Mayer*, 309 S.W.3d at 553; *Wolfe v. State*, 377 S.W.3d 141, 144, 146 (Tex. App.–Amarillo 2012, no pet.).

We have reviewed the bill of costs and the record in this case. Appellant was determined to be indigent, and there is no finding in the record that he was able to pay attorney's fees. The court costs of $427.00 are supported by the record with the exception, as the State concedes, of an award of $300.00 as an "attorney fee." Accordingly, we sustain Appellant's fourth issue in part.

---

[3] The State contends that Appellant's argument must fail because he did not preserve his complaint by making a contemporaneous objection to the court costs in the trial court. We disagree. *See Cardenas v. State*, No. 01-11-01123-CR, 2013 Tex. App. LEXIS 2980, at *19–20 (Tex. App.–Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication) ("contemporary objection in the trial court is not required" to challenge assessment of costs) (citing *Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010) ("A claim regarding sufficiency of the evidence need not be preserved for review at the trial level and is not waived by the failure to do so.")). The State also argues that Appellant should not be allowed to benefit from an incomplete record when he fails to request that a bill of costs be included in the record on appeal. We need not address this argument because the record has been supplemented with a bill of costs. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

We have overruled Appellant's first, second, and third issues. We have also sustained Appellant's fourth issue in part. Accordingly, we *modify* the trial court's judgment of conviction to reflect that the amount of court costs is $127.00 and *affirm* as modified. *See* TEX. R. APP. P. 43.2(b).


**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2013**

## NO. 12-12-00339-CR

**LEO DANIEL HARBER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 007-0004-04)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $127.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*