# NO. 12-13-00065-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DENISE TRUVIA,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Denise Truvia appeals her conviction for aggravated assault with a deadly weapon. In two issues on appeal, Appellant challenges the trial court's assessment of court costs, including attorney's fees. We modify the judgment and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with the offense of aggravated assault with a deadly weapon, a second degree felony.[1] The indictment also included an allegation that Appellant used or exhibited a deadly weapon, a motor vehicle, during the commission of or immediate flight from the offense. Appellant entered a plea of "guilty" to the offense charged in the indictment and "true" to the allegation that she used or exhibited a deadly weapon. Appellant and her counsel signed various documents in connection with her guilty plea, including a stipulation of evidence in which Appellant swore and admitted to all the allegations pleaded in the indictment. The trial court accepted Appellant's plea, found sufficient evidence to substantiate her guilty plea, deferred further proceedings without entering an adjudication of her guilt, and ordered that Appellant be placed on deferred adjudication community supervision for six years. The trial court also ordered that Appellant pay court costs in the amount of $584.00.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02 (a)(2), (b) (West 2011).

The State filed an application to proceed to final adjudication, alleging that Appellant had violated the terms of her community supervision. Appellant and her counsel signed a written plea admonishment and stipulation of evidence in which Appellant pleaded "true" to all the allegations in the State's application. At the hearing, Appellant also pleaded "true" to all the paragraphs in the State's application. At the conclusion of the hearing, the trial court granted the State's application, revoked Appellant's community supervision, and adjudicated Appellant guilty of aggravated assault with a deadly weapon. The trial court also made an affirmative deadly weapon finding.

The trial court assessed Appellant's punishment at six years of imprisonment, and assessed court costs in the amount of $584.00. An order to withdraw funds was attached to the judgment, which stated that Appellant had incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $584.00. The trial court ordered that payment be made out of Appellant's inmate trust account. This appeal followed.

**EVIDENTIARY SUFFICIENCY OF COURT COSTS**

In her first issue, Appellant contends that the trial court erred by imposing court costs not supported by legally sufficient evidence and by ordering that the same be withdrawn from her inmate trust account. In her second issue, she argues that the evidence is legally insufficient for the trial court to assess attorney's fees as court costs.

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *3 (Tex. App.–Tyler June 19, 2013, no pet.).

Some court costs, such as attorney's fees, may not be assessed against a defendant if she was found indigent because her indigence is presumed to continue throughout the remainder of the proceedings "unless a material change in [her] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). If a trial court does not make a determination that a defendant's financial circumstances materially changed that is also supported by some

2

factual basis in the record, the evidence will be insufficient to impose attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2012); *Mayer*, 309 S.W.3d at 553; *Wolfe v. State*, 377 S.W.3d 141, 144, 146 (Tex. App.—Amarillo 2012, no pet).

## Analysis

In the instant case, the judgment of conviction reflects that the trial court assessed $584.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $584.00. The certified bill of costs itemizes the court costs imposed, which also total $584.00. We have reviewed each of the fees listed in the bill of costs. Except for the item listed as "attorney's fees," all other costs and fees are authorized by statute.

The State concedes that the assessment of attorney's fees is improper. The trial court determined that Appellant was indigent three times, and there is no evidence in the record to rebut the presumption that Appellant's indigence continued throughout the remainder of the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Wolfe*, 317 S.W.3d at 144. As a result, the evidence is insufficient to support the imposition of attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p), 26.05(g); *Mayer*, 309 S.W.3d at 553; *Wolfe*, 377 S.W.3d at 146. Accordingly, Appellant's first and second issues are sustained in part.

## DISPOSITION

We have sustained Appellant's first and second issues in part. Accordingly, we *modify* the trial court's judgment to reflect that the amount of court costs is $284.00. *See* TEX. R. APP. P. 43.2(b). We also *modify* Attachment A to delete the assessment of $584.00 and to state that the total amount of "[c]ourt costs, fees and/or fines and/or restitution" is $284.00. *See, e.g., Reyes v. State*, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.). We *affirm* the trial court's judgment *as modified*. *See* TEX. R. APP. P. 43.2(b).

**BRIAN HOYLE**
Justice

Opinion delivered September 30, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 30, 2013

NO. 12-13-00065-CR

**DENISE TRUVIA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0338-10)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment in this cause be **modified** to reflect that the amount of court costs assessed is $284.00. We also modify Attachment A to delete the assessment of $584.00 and to state that the total amount of "[c]ourt costs, fees and/or fines and/or restitution" is $284.00; that **as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*