NO. 07-10-0201-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 6, 2012
_____

PAUL DAVID WOLFE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO.55,826-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

On September 11, 2007, Appellant, Paul David Wolfe, plead guilty and was placed on five years deferred adjudication for the offense of aggravated assault.[1] At that time the court awarded his court-appointed attorney a fee of $400. Two months later, the State filed a motion to proceed and on January 29, 2008, the trial court amended the order of deferred adjudication to include a requirement that Appellant

_____
[1]*See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2011).

complete a substance abuse program. At that time the trial court awarded his court-appointed attorney an additional fee of $400. Two years later the State filed another motion to proceed and on April 27, 2010, following a plea of true, the trial court adjudicated Appellant guilty and assessed his sentence at ten years confinement. That same day the trial court awarded his court-appointed attorney an additional fee of $825. On May 5, 2010, the trial court signed a written judgment ordering Appellant to "pay all fines, court costs, and restitution as indicated above." The summary portion of the judgment contains the statement: "Court Costs: $ see attached." The attachment, as reflected in the Clerk's Record, is a *Bill of Costs* dated May 10, 2010.[2] It includes entries for "attorney fees (court appointed) $1,625" and "sheriff fees $196.74." Through four issues, Appellant challenges both of these fees. We modify the judgment and, as modified, affirm.

## ANALYSIS

By issues one through three, he challenges the taxation of court-appointed attorney's fees. We will address issues one through three together.

COURT-APPOINTED ATTORNEY'S FEES

Concerning the assessment of court appointed attorney's fees, Appellant asserts: (1) the fees were improperly assessed because there was no finding by the trial court that he had the ability to pay all or any part of the fees assessed, (2) the record is devoid of any evidence showing he is able to pay all or any part of the fees assessed,

---

[2]The attachment was not prepared until five days after the judgment was signed. Although we will address the attachment as a part of the trial court's judgment, this opinion should not be read as approving the procedure of adding an attachment to an already signed document.

and (3) there is insufficient evidence to sustain the imposition of the $825 in attorney's fees awarded after the adjudication of guilt and assessment of sentence. In response to Appellant's first two issues, the State contends that because he failed to immediately appeal the $400 in attorney's fees awarded following his original plea bargain, this Court lacks jurisdiction and Appellant should not be heard to complain about those fees at this time. As for the remaining portion of the attorney's fees, totaling $1,225, the State does not argue the jurisdictional issue and it candidly agrees that these fees should be deleted from the judgment. As to the third issue, while the State contends there is sufficient evidence to sustain the *amount* of the attorney's fees awarded after the revocation of Appellant's deferred adjudication, it candidly concedes there is insufficient evidence pertaining to his *ability to pay*, and it agrees that he should not be ordered to pay those fees. (Emphasis added).

By now, it is well established that in order to assess court-appointed attorney's fees in a judgment, a trial court must determine that the defendant has financial resources that enable him to offset in part or in whole the costs of legal services provided. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2011). *See also Mayer v. State,* 309 S.W.3d 552, 555-56 (Tex.Crim.App. 2010); *Armstrong v. State*, 340 S.W.3d 759, 755-56 (Tex.Crim.App. 2011) (holding that a "defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees.") Furthermore, not only must the trial court make a determination regarding the defendant's ability to pay, the record must reflect some factual basis to support that determination. *Barrera v. State,*

291 S.W.3d 515, 518 (Tex.App.--Amarillo 2009, no pet.); *Perez v. State,* 280 S.W.3d 886, 887 (Tex.App.--Amarillo 2009, no pet.).

Here, the clerk's record reflects that at each stage in this proceeding (the original plea, the modification, and the revocation) the trial court found Appellant to be indigent. Unless a material change in his financial resources occurs, once a criminal defendant has been found to be indigent, he is presumed to remain indigent for the remainder of the proceedings. Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2011). Therefore, because there is evidence of record demonstrating that Appellant was indigent immediately prior to each time attorney's fees were awarded, we presume that he was indigent at the time of each award.

The State would have us differentiate between fees awarded following the original plea granting community supervision and the fees awarded following the modification and subsequent revocation. Relying upon *Olivo v. State*, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996), the State contends that because no notice of appeal was filed immediately following the original plea, this Court lacks jurisdiction to review the present judgment ordering Appellant to pay those previously ordered attorney's fees. *Olivo* is simply inapposite. *Olivo* involved the late filing of a notice of appeal following a conviction for the offense of murder. In *Olivo*, the Texas Court of Criminal Appeals held that a late filed notice of appeal does not invoke the jurisdiction of an appellate court. But those are not the facts of this case. Appellant is not attempting to appeal the September 2007 order placing him on deferred adjudication, nor is he complaining about the January 2008 amended order adding additional conditions of supervision.

4

Here, Appellant timely filed a notice of appeal contesting the May 5, 2010 judgment ordering him to pay all "fines, court costs, and restitution" as reflected in the "attached" *Bill of Costs* dated May 10, 2010. While there may be other questions concerning the enforceability of the court's order, jurisdiction is not one of them. Accordingly, the State's jurisdictional argument is rejected.

As to Appellant's "no evidence" argument, the State contends that because a plea agreement is generally held to constitute a contractual agreement, Appellant should not be heard to complain about the "court costs and fees" he bargained for in order to originally obtain deferred adjudication. Various courts of appeals, and even the justices of this Court, have disagreed as to whether a prior agreement to pay attorney's fees pursuant to an order of community supervision (whether deferred adjudication or straight community supervision) should bar an appellant from arguing the insufficiency of the evidence to support a determination of either the amount of attorney's fees or the appellant's financial ability to repay all or part of those fees. *See Derby v. State,* No. 09-11-0256-CR, 2011 Tex. App. LEXIS 9810, at *6-7 (Tex.App.--Beaumont Dec. 14, 2011, no pet.) (not designated for publication) (concluding that even though a condition of appellant's community supervision required payment of court-appointed attorney's fees, at the time of adjudication evidence was insufficient to support the trial court's assessment of those fees as court costs); *Armstrong v. State,* No. 07-09-0091-CR, 2011 Tex. App. LEXIS 6637, at *3 (Tex.App.--Amarillo Aug. 17, 2011, no pet.) (not designated for publication) (modifying the trial court's judgment to delete the assessment of attorney's fees due to insufficient evidence without making any distinction between attorney's fees the defendant agreed to pay as a condition of his

5

community supervision and additional attorney's fees assessed at adjudication); *Marquez v. State,* No. 07-10-0366-CR, 2011 Tex.App. LEXIS 2307, at \*6 (Tex.App.-- Amarillo March 30, 2011, no pet.) (mem. op.) (not designated for publication) (Pirtle, J., dissenting) (holding that an agreement to pay attorney's fees as a condition of community supervision is not the same thing as a determination of a defendant's ability to pay those fees, and further finding that the determination of an ability to pay must be made at the time of the assessment at issue). *But see Price v.* State, No. 10-10-0303-CR, 2012 Tex.App. LEXIS 3321, at \*4 (Tex.App.--Waco April 25, 2012, no pet. h.) (not designated for publication) (differentiating between attorney's fees levied as a condition of community supervision and attorney's fees associated with revocation proceeding, and holding that appellant "forfeited any complaint" about the fees levied as a condition of community supervision); *Reyes v. State*, 324 S.W.3d 865, 867-868 (Tex.App.-- Amarillo 2010, no pet.) (holding that because the appellant "agreed" to pay attorney's fees of $750 as a condition of his deferred adjudication community supervision, he "waived" any objection to the assessment of those fees upon his subsequent adjudication).

Both *Price* and *Reyes* rely heavily upon *Speth v. State*, 6 S.W.3d 530, 534-35 (Tex.Crim.App. 1999), for the proposition that an award of community supervision is akin to a contractual agreement where the conditions of supervision are like "terms of the contract entered into between the court and the defendant." *Speth* involved an appeal from an order imposing conditions of community supervision unrelated to the underlying offense. The Fourteenth Court of Appeals reformed the judgment of the trial court to delete some of the challenged conditions of community supervision. The Court

6

of Criminal Appeals granted review to decide "whether a defendant can challenge conditions of probation for the first time on appeal." *Id.* at 531. Finding that the granting of community supervision was "profoundly different" from the imposition of a sentence, and that the trial court's decision whether to grant or deny community supervision, and likewise the conditions to be imposed, was "wholly discretionary and nonreviewable," the Court went on to hold that when complaining about the terms of community supervision, a defendant must complain at trial regarding the conditions he finds objectionable, otherwise those complaints are waived. *Id.* at 532-34. Because Mr. Speth did not object at trial to the imposition of the challenged conditions, the Court of Criminal Appeals found that the Court of Appeals erred in holding that Speth could complain about those conditions for the first time on appeal.

Here, Appellant is not complaining about terms and conditions of his community supervision.[3] In fact, he acknowledges and accepts those conditions and does not contest the revocation of his community supervision. What Appellant complains about is the entry of a judgment that is not supported by the evidence. Because that issue is "profoundly different" from the issue involved in *Speth*, we do not find that precedent to be controlling in this situation.

Furthermore, in *Armstrong*, after being directly confronted with the State's argument that *Speth* controlled the disposition of a direct appeal complaining about the insufficiency of the evidence in a post-revocation of community supervision assessment of attorney's fees case, the Court of Criminal Appeals chose to remand the appellant's

---

[3]In his dissent, Justice Campbell disagrees contending that the very substance of Appellant's complaint is the terms and conditions of probation. [slip op. at ___].

7

sufficiency argument to this Court for further consideration. *Armstrong*, 340 S.W.3d at 764, 766. Accordingly, we conclude that *Armstrong* at least implicitly rejected the State's *Speth* argument in facts similar to this case. Because those cases finding that an appellant has forfeited any complaint about attorney's fees assessed as a condition of community supervision have relied upon *Speth* and its progeny, we find that the better reasoned approach is to differentiate between judgments and orders of community supervision, and to not differentiate between attorney's fees levied as a condition of community supervision and attorney's fees assessed as a part of the revocation proceeding, and we agree with those cases following the approach that an article 26.05(g) determination of ability to pay must be made at the time of the judgment or order at issue.

Furthermore, agreeing to pay attorney's fees as a condition of community supervision and having the actual ability to pay those fees are two entirely different concepts. *See Marquez,* 2011 Tex. App. LEXIS 2307, at *6 (Pirtle, J., dissenting). Our jurisprudence is replete with examples of people who contracted to pay an obligation but were then unable to fulfill that obligation. An agreement to pay and an ability to pay are just not the same issue.

That being said, we find the record in this case contains no evidence that Appellant had the financial resources that would enable him to offset in part or in whole the costs of the legal services provided to him at any time, and we conclude that the judgment assessing court costs in accordance with the *Bill of Costs* dated on May 10, 2010, is not supported by sufficient evidence and is, therefore, improper. Therefore, we conclude that an assessment of attorney's fees would be improper. *See Mayer,* 309

8

S.W.3d at 555-56. No objection is required to challenge the sufficiency of the evidence regarding a defendant's ability to pay. *Id.* When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order. *Id.* at 557. Accordingly, we sustain Appellant's second and third issues and modify the judgment to delete the requirement that Appellant pay $1,625 in attorney's fees. Review of Appellant's first issue pertaining to a finding by the trial court is thereby rendered unnecessary to the disposition of this appeal. Tex. R. App. P. 47.1.

SHERIFF'S FEES

By his fourth issue, Appellant contends the evidence was insufficient to support $171.94 of the $196.74 assessed as sheriff's fees. After Appellant filed his brief, apparently at the request of the State, a supplemental clerk's record was filed containing the following documents: (1) warrant of arrest or capias, signed May 21, 2007, executed June 1, 2007; (2) precept to serve a certified copy of the indictment, issued June 8, 2007, executed June 12, 2007; (3) alias capias, issued December 13, 2007, executed December 31, 2007; (4) precept to serve a certified copy of the motion to proceed, issued December 6, 2007, executed January 2, 2008; (5) defendant's application for issuance of a subpoena, filed January 16, 2008; (6) subpoena commanding Kim Berlin to appear as a witness, issued January 16, 2008, served January 19, 2008 (reflecting "Fee for Summoning $5.00" and "Fee for Mileage $1.74"); (7) alias capias, issued November 25, 2009, executed December 20, 2009; (8) precept to serve a certified copy of motion to proceed, issued November 25, 2009, executed December 21, 2009; and, (9) appearance bond, filed February 3, 2010.

9

Without the necessity of pronouncement in open court, or inclusion in the written judgment, *Weir v. State*, 278 S.W.3d 364, 367 (Tex.Crim.App. 2009), and irrespective of the defendant's ability to pay, *Williams v. State*, 332 S.W.3d 694, 700 (Tex.App.--Amarillo 2011, pet. denied), a person convicted of a criminal offense shall pay the statutorily mandated fees found in section 102.021 of the Texas Government Code. Those fees include "fees for services of peace officer," which specifically include $50 for executing or processing an issued arrest warrant or capias,[4] $5 for summoning a witness,[5] $35 for serving a writ,[6] $10 for taking and approving a bond,[7] and $0.29 per mile for mileage for certain services performed.[8]

Based upon the record, we conclude the evidence was sufficient to support the assessment of the sheriff's fees contained in the *Bill of Costs*. Accordingly, we overrule Appellant's fourth issue.

### CONCLUSION

The judgment of the trial court is modified to add the following provision at page 2 beneath the heading "Furthermore, the following special findings or orders apply": "As used herein the term 'court costs' does not include court-appointed attorney's fees." As modified, the judgment is affirmed.

Patrick A. Pirtle
Justice

Publish.
Campbell, J., concurring and dissenting.

---

[4]Tex. Gov't Code Ann. § 102.021(3)(B) (West Supp. 2011).
[5]Tex. Gov't Code Ann. § 102.021(3)(C) (West Supp. 2011).
[6]Tex. Gov't Code Ann. § 102.021(3)(D) (West Supp. 2011).
[7]Tex. Gov't Code Ann. § 102.021(3)(E) (West Supp. 2011).
[8]Tex. Gov't Code Ann. § 102.021(3)(I) (West Supp. 2011).