

**NUMBER 13-12-00065-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**NEALY NICOLE GIPSON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 252nd District Court
of Jefferson County, Texas.**

---

# MEMORANDUM OPINION[1]

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant Nealy Nicole Gipson appeals her conviction for driving while intoxicated

with a child passenger, a state-jail felony. *See* TEX. PENAL CODE ANN. § 49.045 (a)–(b)

(West 2011). By one issue, appellant challenges the trial court's judgment that she pay

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

attorney's fees despite her indigency. We affirm as modified.

## I. BACKGROUND[2]

Appellant was indicted for the felony offense of driving while intoxicated with a child passenger. After appellant entered a plea agreement, the trial court found appellant guilty and sentenced her to a term of two years' confinement in state jail. The trial court suspended the imposition of confinement and placed appellant on community supervision for a term of five years. The trial court ordered appellant, as an express condition of her community supervision, to pay "the amounts shown in this order in the manner set out in this order." Included in the listed amounts were a $500.00 fine and $1,000.00 in attorney's fees. The trial court later reduced the attorney's fees to $500.00.

The trial court revoked appellant's community supervision after she pleaded true to allegations that she committed a new offense of driving while intoxicated in violation of her community supervision terms. The trial court sentenced her to two years' confinement in the state jail and ordered her to pay $689.00 in court costs and $1,922.00 in administrative fees. The trial court's balance sheet showed that appellant's total outstanding balance was $2,611.00, and it included $500.00 in attorney's fees. This appeal followed.

## II. ATTORNEY'S FEES

By a single issue on appeal, appellant argues that the trial court erred in assessing attorney's fees against her because appellant had been previously determined to be

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

indigent by the trial court.[3]   The court costs and administrative fees assessed against appellant are itemized in the trial court's Revocation Restitution/Reparation Balance Sheet, which was attached to the Judgment Revoking Community Supervision, as follows:

ADMINISTRATIVE FINANCIAL OBLIGATIONS:

| | | | |
|---|---|---|---|
| A. | SUPERVISION FEES | Amount Owed: | $ 322.00 |
| B. | ASSESSMENT | Amount Owed: | $ 50.00 |
| C. | MS CS FEE | Amount Owed: | $ 20.00 |
| D. | PSI FEE | Amount Owed: | $ 500.00 |
| E. | FINE | Amount Owed: | $ 500.00 |
| F. | COURT COST | Amount Owed: | $ 305.00 |
| G. | ATTORNEY['S] FEE[S] | Amount Owed: | $ 500.00 |
| H. | TRANS FEE | Amount Owed: | $ 0.00 |
| I. | CREDIT CARD FEE | Amount Owed: | $ 0.00 |
| J. | REVOCATION COURT COSTS | Amount Owed: | $ 384.00 |

Grand Total Balance:  $ 2,611.00

Appellant contends that the $500.00 attorney's fees were newly imposed by the trial court at the revocation hearing and, given that appellant was indigent, improper.

The record does not indicate whether the attorney's fees originated from the revocation hearing or from previous proceedings.  The record, however, does confirm that the trial court had previously determined appellant to be indigent, and there is no evidence in the record suggesting that her circumstances had changed by the time of her revocation hearing.  The State does not dispute that appellant was indigent and remained indigent throughout the proceedings in this case.  And it is true that a defendant determined to be indigent cannot be charged for legal services provided to

---

[3]   The State concedes that appellant was indigent and that the trial court should not have taxed attorney's fees against her.   While the State's confession of error in a criminal case is an important factor, it is not conclusive, and the appellate court must make an independent examination of the merits of any issue raised on appeal.   *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002).

him.  *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (concluding that a "defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees."); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011) ("If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay."); *id.* art. 26.04(p) (West Supp. 2011) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.").  Therefore, as the State concedes, the trial court erred in assessing $500.00 in attorney's fees against appellant.[4]  We sustain appellant's issue as to the trial court's assessment of attorney's fees.

---

[4]  This is not to suggest that a court cannot condition community supervision on payment of attorney's fees.  On the contrary, the Texas Code of Criminal Procedure expressly allows such conditions. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(11) (West 2006).  But, "agreeing to pay attorney's fees as a condition of community supervision and having the actual ability to pay those fees are two entirely different concepts." *Wolfe v. State*, No. 07-10-0201-CR, 2012 Tex. App. LEXIS 5368, at *11 (Tex. App.—Amarillo Jul. 6, 2012, no pet. h.), *reh'g denied*, No. 07-10-0201-CR, 2012 Tex. App. LEXIS 5483, at *1 (Tex. App.—Amarillo Jul. 10, 2012) (en banc).  The trial court officially revoked appellant's community supervision.  At issue is whether the trial court could then enforce attorney's fees as part of its Judgment Revoking Community Supervision.  Given that "[a] defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs," TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011), the trial court could not impose attorney's fees against appellant as part of the judgment absent some evidence that her circumstances had changed since the indigency determination.  Under *Mayer*, because no such evidence appears in the record, appellant's indigent status is presumed to have continued, and she could not thus be ordered to pay attorney's fees.  *See Mayer*, 309 S.W.3d at 556; *see also Derby v. State*, No. 09-11-00256-CR, 2011 Tex. App. LEXIS 9810, at *7 (Tex. App.—Beaumont Oct. 17, 2011, no pet.) (mem. op., not designated for publication).

### III.  CONCLUSION

Because the trial court's judgment was impermissible under the law and facts in this case, we delete that portion of the judgment assessing $500.00 in attorney's fees against appellant.   We affirm the judgment as modified.

GREGORY T. PERKES
Justice

Do not publish.   TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2012.