NO. 07-12-0126-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 3, 2012
_____

CYNTHIA MARIE CASTILLO,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 61,530-D; HON. DON EMERSON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMBPELL and HANCOCK, JJ.

Cynthia Marie Castillo (appellant) appeals the judgment revoking her community supervision. In the initial plea of guilty, appellant was sentenced to two years in a state jail facility which was suspended and she was placed on probation for three years. Subsequently, the State filed a motion to revoke to which appellant plead true without the benefit of a plea bargain. The trial court revoked her probation and sentenced her to two years in a state jail.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel filed a copy of a letter sent to appellant informing her of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se.* By letter dated August 30, 2012, this court notified appellant of her right to file her own brief or response by October 1, 2012, if she wished to do so. To date, a response has not been filed.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed two potential areas for appeal which included the sufficiency of the evidence and excessive punishment. However, counsel then proceeded to explain why the issues were without merit.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). After doing so, we concur with counsel's conclusions.

However, this court recently concluded in *Wolfe v. State*, No. 07-10-0201-CR, 2012 WL 2681447, 2012 Tex. App. LEXIS 5368, at *10-11 (Tex. App.–Amarillo July 6, 2012, no pet. h.), that the evidence in *Wolfe* was insufficient to support the trial court's assessment of attorney's fees as court costs, even though payment of those fees had been a condition of appellant's community supervision. *See also Armstrong v. State,* No. 07-09-0091-CR, 2011 Tex. App. LEXIS 6637, at *3 (Tex. App.–Amarillo Aug. 17,

---

[1]*See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396,18 L.Ed.2d 493 (1967).

2011, no pet.) (not designated for publication) (modifying the trial court's judgment to delete the assessment of attorney's fees due to insufficient evidence without making any distinction between attorney's fees the defendant agreed to pay as a condition of his community supervision and additional attorney's fees assessed at adjudication).

Here, the record reflects that appellant was indigent prior to her pleading guilty and was appointed counsel at that time. Because the record demonstrates that appellant was indigent immediately prior to the time attorney's fees were awarded, we presume she remained indigent at the time they were ordered as a condition of probation. Furthermore, because there is no evidence in the record of a change in appellant's financial resources that would enable her to offset in whole or in part the costs of legal services provided to her, we conclude that the judgment assessing court costs in accordance with the *Bill of Costs* dated March 9, 2012, is not supported by sufficient evidence and is, therefore, improper.

Because no objection is required to challenge the sufficiency of the evidence regarding a defendant's ability to pay, *Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010), and there is no evidence to support the order for appellant to pay attorney's fees, the proper remedy is to delete that order.

Accordingly, the judgment revoking community supervision is modified to delete the trial court's order that appellant pay $800.00 for court-appointed attorney's fees. In lieu thereof, the judgment of the trial court is modified to add the following provision beneath the heading "Furthermore, the following special findings or orders apply": "As used herein the term 'court costs' does not include court-appointed attorney's fees."  As

modified, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Brian Quinn
Chief Justice

Do not publish.