

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00386-CR

TAWONA SHARMIN RILES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 59,309-E, Honorable Douglas Woodburn, Presiding

October 7, 2013

## DISSENTING OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Tawona Sharmin Riles, appeals her conviction for possessing a controlled substance with intent to deliver.[1]  Upon a plea of guilty, but without an agreed recommendation as to punishment, the adjudication of her guilt was deferred and she was placed on community supervision for a term of eight and one-half years.  The *Order*

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010).  Based on the amended indictment alleging possession of one gram or more but less than four grams, the offense was punishable as a second degree felony.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2010).  The indictment also contained an allegation that the offense was committed in a drug-free zone, thereby increasing the minimum sentence by five years and doubling the possible fine.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (West Supp. 2012).

*of Deferred Adjudication* signed at the time of her plea "orders [Appellant] to pay all fines, court costs, and restitution as indicated above." Above that provision is the summary portion of the order which states, "Court Costs: see attached." The *Bill of Costs* purportedly attached states, "Attorney Fees (Court Appointed) $1,000.00." While the Clerk's Record designates the *Bill of Costs* as being "attached" to the *Order of Deferred Adjudication,* it is unlikely that it was attached when signed. The order itself bears a signature date of March 3, 2010, while the *Bill of Costs* was not issued until March 19, 2010.[2] Furthermore, even the *Attorney Fee Voucher* supporting the award of attorney's fees was not signed until March 4, the day after the order was signed.

On August 25, 2011, the State filed a motion to revoke Appellant's deferred adjudication. Approximately one year later, on August 22, 2012, following a plea of true without a recommendation as to punishment, Appellant was adjudicated guilty and sentenced to seven years of incarceration and a fine of $500. The *Judgment Adjudicating Guilt* "order[ed] [her] to pay all fines, court costs, and restitution as indicated in attached Bill of Cost." The *Bill of Costs* purportedly attached states, "Attorney Fee(s) – Original Plea Agreement $1,000.00." While the Clerk's Record designates the *Bill of Costs* as being attached to the *Judgment Adjudicating Guilt,* it is again reasonable to assume that it was not attached when signed. The judgment itself bears a signature date of August 23, 2012, while the *Bill of Costs* bears an issue date of August 24, 2012.[3]

---

[2]While the *Order of Deferred Adjudication* bears a file stamp dated March 19, 2010, the *Bill of Costs* does not bear any time-dated file stamp.

[3]Additionally, while each page of the *Judgment Adjudicating Guilt* bears a time-posted file stamp dated August 24, 2012, the *Bill of Costs* does not bear any time-posted file stamp.

Appellant gave timely notice of appeal and by a single issue, she contends the trial court erred by ordering her to repay court-appointed attorney's fees from her original plea because there was no evidence of her ability to pay. *See Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010). The State contends evidence of her ability to pay was before the trial court and Appellant agreed to pay those fees as a condition of deferred adjudication. Relying upon the recent Court of Criminal Appeals decision in *Wiley v. State,* No. PD-1728-12, 2013 Tex. Crim. App. Lexis 1464 (Tex.Crim.App. September 25, 2013), the majority concludes Appellant is procedurally barred from asserting her claim because she did not raise her sufficiency claim in a direct appeal from the initial order of deferred adjudication. Because I believe the majority reads *Wiley* too broadly, I respectfully dissent.

In *Wiley* the Court of Criminal Appeals clarified a split between the intermediate courts of appeal concerning whether an appellant can raise a sufficiency of the evidence claim concerning the reimbursement of court-appointed attorney's fees imposed during an original plea proceeding resulting in straight probation in a later appeal from the revocation of that community supervision. There, the Court held that a defendant is procedurally defaulted under *Manuel v. State,* 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999), from asserting error that "could readily have been raised . . . in a direct appeal from the initial *judgment* imposing community supervision." *Wiley,* 2013 Tex. Crim. App. Lexis 1464, at *21 (emphasis added). In reaching its conclusion, the Court of Criminal Appeals emphasized that the "record in this case shows the appellant was well aware of the existence *and amount* of attorney fees that were imposed for his court appointed representation during the [original] plea proceedings." *Id.* In *Wiley* the

3

judgment itself contained a handwritten notation on the face of the document stating the exact dollar amount of attorney's fees being ordered. The opinion of the Court also emphasized the fact that the *Bill of Costs* was dated the same day as the original *judgment* and was *attached* to that judgment, giving rise to the presumption that the appellant was fully aware of the *full extent of the court's order* when he signed the judgment. *Id.*

While the majority here reaches the conclusion that the pertinent facts of this case were substantially akin to those in *Wiley*, that simply is not the case. *Wiley* involved the revocation of an order of "straight probation," where, in the original proceeding, a judgment was entered in addition to an order stating the terms and conditions of community supervision; whereas this case involves the revocation of an order deferring an adjudication of guilt where no judgment "independently imposed an obligation to repay attorney fees – 'as court costs.'" *Id.* at *19. *Wiley* involved a *judgment*, signed by the defendant, expressly stating the exact dollar amount of attorney's fees subsequently being contested; whereas here, the *Order of Deferred Adjudication* references an attachment (not even in existence, much less actually attached when executed) concerning an undetermined amount of attorney's fees (to be subsequently awarded), which were to be paid in accordance with a payment arrangement (to be subsequently made) with a representative of the county "Collections Department."

The majority also posits that *Manuel* brings this case into the context of a procedural default because, like here, the revocation of an order of deferred adjudication was involved in that case. In *Manuel* the Court of Criminal Appeals held

4

that an appellant was procedurally barred from contesting the sufficiency of the evidence relating to the issue of *guilt* in any proceeding other than "appeals taken when community supervision is originally imposed . . . ." *Manuel*, 994 S.W.2d at 661. Because Manuel could have questioned the sufficiency of the evidence substantiating his guilt immediately after being placed on community supervision, he was procedurally barred from raising that issue when his deferred adjudication was revoked. *Id.* But *Manuel* is factually distinguishable from this case. In *Manuel* the appellant sought to contest a finding essential to the original order of deferred adjudication – a finding of guilt. Whereas here, the Appellant is contesting a factual determination – the ability to repay $1,000 in court-appointed attorney's fees – that was not even made at the time she was placed on deferred adjudication. At best, all the trial court determined in this case was that the Appellant had the ability to make some monthly payment (as yet undetermined) that would be made in accordance with a payment agreement that would be negotiated in the future with the county collections department.[4]

Accordingly, the procedural default considerations in *Manuel* and *Wiley* simply are not present in this case and it is neither reasonable nor practical to assume that a defendant being placed on deferred adjudication would contest by means of an appeal a condition of community supervision he or she reasonably expected to meet.[5] There

---

[4]Contrary to the majority, I believe *Manuel* limits the extent of forfeiture only to those issues which an appellant had notice of at the time of the original plea. Here, the Appellant did not have notice of the full extent of attorney's fees ordered because the amount of those fees was, as yet, undetermined. Furthermore, having the ability to make a monthly payment is not the same thing as having the ability to pay the lump sum amount, a finding essential to the imposition of attorney's fees under article 26.05 of the Texas Code of Criminal Procedure. Therefore, it cannot be said that Appellant had notice of that essential finding.

[5]Here, the *Order of Deferred Adjudication* did not contemplate the payment of court costs and attorney's fees in a lump sum amount. The condition of supervision only required the Appellant to make monthly

5

being no independent judgment to contest, the facts here are clearly distinguishable from *Wiley* where a judgment imposed a clear and specific present obligation to pay a specific amount of attorney's fees. Furthermore, there being no essential factual determination made at the time of the original plea concerning the Appellant's ability to pay the lump sum attorney's fees ordered, this case is distinguishable from *Manuel.* Accordingly, I would find *Wiley* and *Manuel* to be inapposite to the facts of this case.

Instead, I would be guided by the reasoning this Court expressed in *Wolfe v. State*, 377 S.W.3d 141 (Tex.App.—Amarillo 2012, no pet.), wherein we held that an appellant was not procedurally barred from contesting the sufficiency of the evidence to support the imposition of attorney's fees in the context of the revocation of an order of deferred adjudication. Applying *Wolfe,* finding no evidence to support the imposition of those fees pursuant to article 26.05 of the Texas Code of Criminal Procedure, I would reform the judgment to add the following provision at page 2 beneath the heading "Furthermore, the following special findings or orders apply": "As used herein the term 'court costs' does not include court-appointed attorney's fees" and as modified, I would affirm the judgment.

Patrick A. Pirtle
Justice

Publish.

---

payments in accordance with a payment arrangement to be made after taking into consideration the Appellant's future income earning ability.