ACCEPTED
12-15-00011-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
6/23/2015 9:15:37 AM
CATHY LUSK
CLERK

No oral argument requested

CASE NO. 12-15-00011-CR

IN THE

TWELFTH COURT OF APPEALS

TYLER, TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

6/23/2015 9:15:37 AM

CATHY S. LUSK
Clerk

_____

KELTON DEREK WILSON, Appellant
vs.
THE STATE OF TEXAS, Appellee

_____

On Appeal from the
3rd Judicial District Court
Henderson County, Texas

(Trial Court Case Number:   C-21,018)

Honorable Judge Mark Calhoon, Judge Presiding

---

BRIEF OF APPELLANT

---

Linda A. Altier
Altier Law Offices
1527 E. Fifth St.
Tyler, Texas   75701
Tel: 903-595-4232
Fax: 903-595-0031
e-mail: altierlaw@gmail.com
State Bar of Texas No.: 00783541

Attorney for Appellant, Kelton Derek Wilson

# IDENTITIES OF PARTIES AND COUNSEL

State of Texas, Appellee
Plaintiff in Trial Court

Kelton Derek Wilson, Appellant
Defendant in Trial Court

TRIAL COURT COUNSEL

Mr. Mark Hall, Attorney for State
125 N. Prairieville St.
Athens, Texas 75751

Mr. Scott Williams, Attorney for Defendant
100 East Tyler Street,
Athens, Texas 75751


APPELLATE COUNSEL

Linda Altier, Attorney for Appellant
1527 E. Fifth St.
Tyler, Texas 75701

Mark Hall, Attorney for State
125 N. Prairieville St.
Athens, Texas   75751

# TABLE OF CONTENTS

Identity of Parties and Counsel ……………………………………………………..i

Index of Authorities ……………………………………………………………iii

Statement of the Case ……………………………………………….. 2

Issues Presented ……………………………………………………3

POINT OF ERROR:

THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT THE TRIAL COURT'S ASSESSMENT OF ATTORNEY'S FEES AGAINST APPELLANT.

Statement of Facts ………..……………………………………………….3

Point of Error One Restated. …………………………………………………4

Summary of the Argument.……………………………………………..4

Argument and Authority ……………………………………………..4

Certificate of Service…………………………………………………7

Certificate of Compliance……………………………………………… 8

# INDEX OF AUTHORITIES

<u>CASES:</u>                                                                          Page

*Baker v. State*, No. 12-13-00032-CR, Memorandum Opinion, unpublished (Tex.App.-Tyler 2015) . . . .  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Johnson v. State*, 405 S.W.3d 350 (Tex.App.-Tyler 2013). . . . . . . . . . . . . . . . . . . . . .5

*Wolfe v. State*, 377 S.W.3d  141 (Tex.App.-Amarillo 2012, no pet). . . . . . . . . . . . . .9


<u>STATUTES AND RULES:</u>

Texas Code of Criminal Procedure, Article 26.05 . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

CASE NO. 12-15-00011-CR

IN THE

TWELFTH COURT OF APPEALS

TYLER, TEXAS

_____

KELTON DEREK WILSON, Appellant
vs.
THE STATE OF TEXAS, Appellee

_____

On Appeal from the
3rd Judicial District Court
Henderson County, Texas

(Trial Court Case Number:   C-21,018)

Honorable Judge Mark Calhoon, Judge Presiding

BRIEF OF APPELLANT

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW KELTON DEREK WILSON, hereinafter sometimes referred

to as Appellant, and submits this his Brief on Appeal in the above entitled and

numbered Cause, pursuant to the provisions of the Texas Rules of Appellate

Procedure.

1

STATEMENT OF THE CASE

APPELLANT WAIVES ORAL ARGUMENT

On December 5, 2013, a grand jury indicted Kelton Derek Wilson, hereinafter sometimes referred to as Appellant, for Aggravated Assault Against a Public Servant, a First Degree Felony, (CR1:1). The record reflects that Mr. Scott Williams was court appointed to represent indigent Defendant. Appellant waived his right to a jury in this case and on August 22, 2014 Appellant entered his plea of guilty to the Court (CR 1:4-5). The Court ordered a presentence investigation report to be completed by October 13, 2014 for sentencing (CR 1:11-12). On December 17, 2014 the Court Adjudicated Appellant guilty and sentenced him to Twenty (20) years confinement in the Texas Department of Corrections Institutional Division, (CR 1:107-108). Although Defendant was found to be indigent, the Court ordered him to pay Attorney fees of $1,350.00, in the Judgement of Conviction. (CR1:107-108). Appellant filed his Notice of Appeal on December 29, 2014 (CR 1:109-110). On January 7, 2015, Mr. Steve Green was appointed to represent indigent Defendant on appeal (CR 1:112). In Findings of Facts and Conclusions of Law entered by the trial Court, Mr. Steve Green was withdrawn based on conflict of interest and the Court appointed Ms. Linda A. Altier to represent Appellant on appeal (Supplemental CR 1:2-3).

2

## STATEMENT OF JURISDICTION

Therefore, the Twelfth Court of Appeals holds jurisdiction.

---

*Note:* For purposes of this Appeal Brief, all references to the Clerk's Record will be noted as "CR," followed by the volume number and page number. References to the Reporter's Record will be noted as "RR," followed by the volume number, page number and line as necessary. Any emphasis added by this writer will be noted as same immediately following the word or phrase emphasized by italics. Where two or more points of error involve the same facts, they will be combined and argued together as permitted by the Texas Rules of Appellate Procedure.

---

## ISSUES PRESENTED

POINT OF ERROR:

THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT THE TRIAL COURT'S ASSESSMENT OF ATTORNEY'S FEES AGAINST APPELLANT.

## STATEMENT OF FACTS

On August 22, 2014, Appellant signed an agreed plea recommendation for an open plea to Aggravated Assault Against a Public Servant, wherein he waived his right to a jury in this Cause (CR 1:4-5). The plea recommendation contained an agreement to consider five indicted Causes (CR 1:6-8), and to run concurrently with C-21,018 (CR 1:4). The record also reflects that Mr. Scott Williams was Court appointed to represent the indigent Defendant. On October 13, 2014 the

3

trial Court ordered a presentence investigation report to be completed for sentencing (CR 1:11-12). On December 17, 2014, following testimony the trial Court Adjudicated Appellant guilty and sentenced him to Twenty (20) years confinement in the Texas Department of Corrections Institutional Division, (CR 1:107-108). At that time, the trial Court also assessed attorney fees of $1,350.00 to be paid by Defendant. Upon the withdrawal of Steve Green as Court appointed appellant attorney, the trial Court found Defendant remained indigent and appointed Ms. Linda A.Altier as attorney for appeal (Supplemental CR 1:2-3)

POINT OF ERROR (Restated):

THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT THE TRIAL COURT'S ASSESSMENT OF ATTORNEY'S FEES AGAINST APPELLANT.

## SUMMARY OF THE ARGUMENT

The trial Court had insufficient evidence of Appellant's ability to repay Court appointed Attorney's fees or of any material change in his financial condition following determination of his indigency, for Appellant to be assessed the fees in the Judgment of Conviction.

## ARGUMENT AND AUTHORITY

At the onset of his criminal case, the trial Court found Appellant indigent and without sufficient funds to hire an attorney. Therefore, an attorney was appointed to represent him. Following his plea of guilty to the trial Court and the

4

trial Court hearing evidence, the trial Court found Appellant guilty and assessed punishment at 20 years in the Texas Department of Criminal Justice Institutional Division and a zero fine, but no testimony or evidence was had regarding repayment of the attorney fees (RR 1:137). However, the trial Court did sign a Judgment that included repayment of attorney fees of $1,350.00 (CR 1:107). A trial Court does have authority to assess attorney's fees against a Defendant who receives the assistance of a Court appointed defense attorney if the trial Court finds the Defendant has financial resources to pay part or all of the attorney fees Tex.C.C.P. art. 26.05 (g). However, the trial Court did not elicit any testimony or evidence from Appellant that he had finances to pay the attorney fees or that he had a material change in his financial circumstances from when he was deemed indigent. Further, the trial Court knew Appellant was indigent from the onset of the case because the trial Court approved Appellant's request for a Court appointed attorney based on his lack of funds. The trial Court continued to find Appellant indigent in his request for a Court appointed attorney for his appeal (Sup. CR 1: 2-3). In *Johnson v. State*, 405 S.W.3d 350 (Tex.App.-Tyler 2013) the Court, considering Tex.C.C.P. art 26.05, held that once a criminal defendant is determined to be indigent, he is presumed to continue to be indigent for the remainder of the proceedings unless a material change occurs in his financial circumstances.

5

In *Wolfe v. State, 377 S.W.3d 141 (Tex.App-Amarillo 2012, no pet)* the Court held that a trial Court must determine by some supported factual basis in the record if a defendant has financial resources to offset in part or in whole the costs of the Court appointed attorney fees before the trial Court can impose the attorney fees on the defendant. In *Barker v. State*, No. 12-13-00032-CR, Memorandum Opinion (Tex. App.-Tyler 2015) unpublished, an appeal from the 173rd District Court, Henderson County, Texas, the Appellant argued, as does this Appellant (Kelton Wilson), that the evidence was legally insufficient to support the trial Court's assessment of attorney's fees because there was no evidence in the record to support a finding that Barker was not indigent. The Court of Appeals, in Barker, held there was no basis in the record to support the imposition of attorney's fees and sustained Barker's issue concerning attorney fees. For all the above reasons, this case should be reversed and remanded to the trial Court for rehearing based on insufficient evidence to support the trial Court's assessment of attorney fees against Appellant, in the Judgment.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays this Honorable Court hold there is insufficient evidence to support the trial Court's assessment of attorney fees against Appellant and remand this case for rehearing.

6

Respectfully Submitted,

ALTIER LAW OFFICES
1527 E. Fifth St.
Tyler, Texas   75701
Tel:   903-595-4232
Fax: 903-595-0031
altierlaw@gmail.com


By:    /s/ *Linda A. Altier*
TSBN: 00783541
Attorney for Appellant Kelton Wilson


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Appellant's Brief was served on Mark Hall, Attorney for the State, and R. Scott McKee, Henderson County District Attorney, 109 W. Corsicana St., Ste. 103, Athens, Texas, by e-mail to mwhall@co.henderson.tx.us, on June 23, 2015.


*/s/ Linda A. Altier*

## CERTIFICATE OF COMPLIANCE

In compliance with TRAP 9.4(i), the undersigned hereby certifies that the number of words contained in the above Brief of Appellant are 581; excluding caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, signature, proof of service, certification, and certificate of compliance, which is less than the maximum allowed of 15,000 words.

/s/  *Linda A. Altier*