ACCEPTED
12-15-00112-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/13/2015 12:00:00 AM
CATHY LUSK
CLERK

No oral argument requested

CASE NO. 12-15-00112-CR

IN THE

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

7/12/2015 9:42:53 PM

CATHY S. LUSK
Clerk

TWELFTH COURT OF APPEALS

TYLER, TEXAS

_____

MELISSA BROWNING HERNANDEZ, Appellant
vs.
THE STATE OF TEXAS, Appellee
_____

On Appeal from the
392nd Judicial District Court
Henderson County, Texas

(Trial Court Case Number:   B-21,601)

Honorable Judge Carter W. Tarrance, Judge Presiding

---

BRIEF OF APPELLANT

---

Linda A. Altier
Altier Law Offices
1527 E. Fifth St.
Tyler, Texas   75701
Tel: 903-595-4232
Fax: 903-595-0031
e-mail: altierlaw@gmail.com
State Bar of Texas No.: 00783541

Attorney for Appellant, Melissa Browning Hernandez

---

# IDENTITIES OF PARTIES AND COUNSEL

State of Texas, Appellee
Plaintiff in Trial Court

Ms. Melissa Browning Hernandez, Appellant
Defendant in Trial Court

TRIAL COURT COUNSEL

Ms. Jenny Palmer, Attorney for State
125 N. Prairieville St.
Athens, Texas 75751

Mr. Daniel Cox, Attorney for State
125 N. Prairieville St.
Athens, Texas 75751

Ms. Linda A. Altier, Attorney for Defendant
1527 E. Fifth St.
Tyler, Texas 75701

APPELLATE COUNSEL

Ms. Linda Altier, Attorney for Appellant
1527 E. Fifth St.
Tyler, Texas 75701

Mr. R. Scott McKee, Attorney for State
125 N. Prairieville St.
Athens, Texas   75751

# TABLE OF CONTENTS

Identity of Parties and Counsel ……………………………………………………i

Index of Authorities ………………………………………………………………iii

Statement of the Case ……………………………………………………..2

Statement of Jurisdiction…………………………………………………..3

Issues Presented ……………………………………………………………3

POINT OF ERROR:

THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT THE TRIAL COURT'S ASSESSMENT OF ATTORNEY'S FEES AGAINST APPELLANT.

Statement of Facts ………..………………………………………………….3

Point of Error Restated… . .…………………………………………………4

Summary of the Argument.………………………………………………..4

Argument and Authority ………………………………………………….4

Certificate of Service.………………………………………………………7

Certificate of Compliance.…………………………………………………7

# INDEX OF AUTHORITIES

<u>CASES:</u>                                                                     Page

*Barker v. State*, No. 12-13-00032-CR, Memorandum Opinion
(Tex. App.-Tyler 2015) unpublished . . . . . . . . . . . . . . .…………………….. 6

*Johnson v. State*, 405 S.W.3d 350 (Tex.App.-Tyler 2013)………………………. 5

*Wolfe v. State*, 377 S.W.3d  141 (Tex.App.-Amarillo, 2012, no pet)……….. . 5,6


<u>STATUTES AND RULES:</u>

Texas Code of Criminal Procedure, Article 26.05 (g). .….……………………… 5,6

CASE NO. 12-15-00112-CR

IN THE

TWELFTH COURT OF APPEALS

TYLER, TEXAS

_____

MELISSA BROWNING HERNANDEZ, Appellant
vs.
THE STATE OF TEXAS, Appellee

_____

On Appeal from the
392nd Judicial District Court
Henderson County, Texas

(Trial Court Case Number:   C-21,601)

Honorable Judge Carter W. Tarrance, Judge Presiding

BRIEF OF APPELLANT

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW MELISSA BROWNING HERNANDEZ, hereinafter

sometimes referred to as Appellant, and submits this her Brief on Appeal in the

above entitled and numbered Cause, pursuant to the provisions of the Texas Rules

of Appellate Procedure.

1

APPELLANT WAIVES ORAL ARGUMENT

STATEMENT OF THE CASE

On October 2, 2014, a grand jury indicted Melissa Browning Hernandez, hereinafter sometimes referred to as Appellant, for Theft Over $20,000/Elderly, a Third Degree Felony, (CR1:1-3). Ms. Linda A. Altier was appointed by the Court to represent Appellant as an indigent Defendant. On February 2, 2015 Appellant waived her right to a trial by jury (CR 1:21). On March 17, 2015 a pre-sentence investigation report was completed (CR 1:23-28). On April 16, 2015 Appellant entered her guilty plea (CR 1:29-30) and the Court heard the testimony and evidence at a sentencing hearing. The Court found Appellant guilty and sentenced her to Six (6) years confinement in the Texas Department of Corrections Institutional Division, (CR 1:36-37). In the Judgement of Conviction, although Defendant was indigent, the Court ordered her pay her Defense Attorney's fees (CR1:36). On April 27, 2015, Ms. Linda A. Altier was appointed to represent indigent Defendant on appeal (CR 1:34). Appellant filed her Notice of Appeal on April 27, 2015 (CR 1:35).

*Note:*  For purposes of this Appeal Brief, all references to the Clerk's Record will be noted as "CR," followed by the volume number and page number. References to the Reporter's Record will be noted as "RR," followed by the volume number, page number and line as necessary. Any emphasis added by this writer will be noted as same immediately following the word or phrase emphasized by italics.

STATEMENT OF JURISDICTION

For the reasons above stated the Twelfth Court of Appeals holds jurisdiction.

ISSUES PRESENTED

POINT OF ERROR:

THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT THE TRIAL COURT'S ASSESSMENT OF ATTORNEY'S FEES AGAINST APPELLANT.

STATEMENT OF FACTS

When initially arrested, Appellant applied for a Court Appointed Attorney to defend her in her felony charges of Theft Over $20,000 from the Elderly, a Third Degree Felony. Her application was approved by the trial Court and Linda A. Altier was appointed to represent her. On February 2, 2015, Appellant signed an agreement to plead guilty to the Court which also stated that Appellant was represented by a Court appointed attorney (CR 1:21). Following testimony at the sentencing trial on April 16, 2015, the Court adjudicated Appellant guilty and sentenced her to six (6) years confinement in the Texas Department of Corrections Institutional Division (CR 1:36-37)). In the Judgment, the trial Court also assessed attorney fees to be paid by Appellant. On April 27, 2015, the trial Court found that Appellant's indigent status did not change for purposes of her appeal and appointed Ms. Linda A. Altier for the appeal. (CR 1:35)

3

POINT OF ERROR (Restated):

THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT THE TRIAL COURT'S ASSESSMENT OF ATTORNEY'S FEES AGAINST APPELLANT.

## SUMMARY OF THE ARGUMENT

Following the initial determination by the trial Court of Appellant's status as indigent, the trial Court had sufficient evidence of Appellant's inability to repay Court appointed Attorney's fees, and there was no significant material change in her financial condition following trial. Accordingly, the trial Court erred in assessing Appellant the cost of Attorney's fees in the Judgment of Conviction.

## ARGUMENT AND AUTHORITY

The trial Court established, initially in this case, that Appellant was indigent and without resources to retain legal counsel. Accordingly, an attorney was appointed to represent her. Following her plea of guilty to the trial Court and the presentation of evidence, the trial Court affirmed Appellant's guilt and assessed punishment at Six (6) years confinement in the Texas Department of Criminal Justice, Institutional Division. No testimony or evidence was elicited regarding repayment of the Attorney's fees (RR 1:1-66). However, the trial Court did sign a Judgment that included repayment of attorney's fees in the amount of $750.00 (CR 1:36). A trial Court has authority to assess court appointed defense attorney's fees

4

against a Defendant when the trial Court determines Defendant has the resources to pay part or all of the fees Tex.C.C.P. art. 26.05 (g). Nevertheless, in this particular case, the trial Court did not hear any testimony or evidence from Appellant that would reflect she had financial resources to pay the attorney fees or that she had a change in her financial or material circumstances since the trial Court established her indigent status. Additionally, the trial Court was aware of Appellant's indigent status at the beginning of her legal process since the trial Court approved Appellant's request for a Court appointed attorney. Further, the trial Court acknowledged Appellant's uninterrupted indigent status approving her request for a Court appointed appellant attorney to process her appeal (CR 1: 31).

In *Johnson v. State*, 405 S.W.3d 350 (Tex.App.-Tyler 2013) the Court, considering Tex.C.C.P. art 26.05, held that once a criminal defendant is determined to be indigent, he is presumed to continue to be indigent for the remainder of the proceedings unless a material change occurs in his financial circumstances. In *Wolfe v. State,* 377 S.W.3d 141 (Tex.App-Amarillo 2012, no pet) the Amarillo Court held that a trial Court must determine by some supported factual basis in the record if a defendant has financial resources to offset in part or in whole the costs of the Court appointed attorney fees before the trial Court can impose the attorney fees on the defendant. Appellant argues that, as in *Johnson v. State* and following

5

art 26.05 the trial Court determined she was indigent and she remained indigent during the entire criminal proceedings; and as in *Wolfe v. State*, there was no factual basis in the record of a material change in her financial resources to impose repayment of attorney fees by Appellant. In *Barker v. State*, No. 12-13-00032-CR, Memorandum Opinion (Tex. App.-Tyler 2015) unpublished, an appeal from the 173rd District Court, Henderson County, Texas, the Appellant argued, as does Appellant Melissa Browning Hernandez, that the evidence was legally insufficient to support the trial Court's assessment of attorney's fees in the absence of evidence on the record to support a finding that Barker was not indigent. The Court of Appeals, in *Barker*, held there was no basis in the record to support the imposition of attorney's fees and sustained *Barker's* issue concerning attorney fees.

For all the above reasons, this case should be reversed and remanded to the trial Court for rehearing based on insufficient evidence to support the trial Court's decision to access attorney's fees against Appellant.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Honorable Court hold that there is insufficient evidence to support the trial Court's assessment of attorney's fees against Appellant and remand this case for rehearing.

6

Respectfully Submitted,

ALTIER LAW OFFICES
1527 E. Fifth St.
Tyler, Texas   75701
Tel:   903-595-4232
Fax: 903-595-0031
altierlaw@gmail.com


By:    /s/ *Linda A. Altier*
TSBN: 00783541
Attorney for Appellant
Melissa Browning Hernandez

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Appellant's Brief will be served on the Attorney for the State, R. Scott McKee, Henderson County District Attorney, 109 W. Corsicana St., Ste. 103, Athens, Texas, by hand delivery, on July 13, 2015.

*/s/ Linda A. Altier*


## CERTIFICATE OF COMPLIANCE

In compliance with TRAP 9.4(i), the undersigned hereby certifies that the number of words contained in the above Brief of Appellant are 659; excluding caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, signature, proof of service, certification, and certificate of compliance.

/s/   *Linda A. Altier*