**Opinion issued May 21, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00742-CR**

———————————

**STEPHANIE ANN RICHARDSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from Criminal District Court No. 1**
**Tarrant County, Texas**
**Trial Court Case No. 1612397[1]**

---

[1] The Supreme Court of Texas transferred this appeal from the Court of Appeals for the Second District of Texas. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases). Under the Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." TEX. R. APP. P. 41.3. The parties have not cited, nor has our own research revealed, any conflict between the precedent of the Second Court of Appeals and that of this Court on any relevant issue.

**MEMORANDUM OPINION**

Appellant Stephanie Ann Richardson was found guilty by a jury of tampering with a governmental document (count one) and aggravated perjury (count two).[2] The jury assessed Richardson's punishment at 180 days in state jail for count one and assessed her punishment at seven years in prison for count two. Based on the jury's recommendation, the trial court suspended Richardson's prison sentence for count two and placed her on community supervision for seven years. In the judgment for count two, the trial court included language indicating that Richardson was required to repay the cost of her court-appointed counsel.

Richardson does not challenge her convictions or sentences. In a single issue, Richardson asserts that the trial court erred by including the language requiring her to repay the cost of her appointed-counsel and asks this Court to modify the judgment for count two to delete the complained-of language.

Because we agree with Richardson that the trial court erred by requiring her to repay court-appointed attorney's fees, we modify the judgment for court two to delete the complained-of language. We affirm the judgment for count one and affirm the judgment for count two as modified.

---

[2]    *See* TEX. PENAL CODE § 37.03 (aggravated perjury); *id.* § 37.10(c)(1) (tampering with governmental record).

## Background

Richardson was charged in a two-count indictment with the offenses of tampering with a governmental record and aggravated perjury. The case was pending from early 2019 until it was tried in mid-2023. During that four-year time period, the trial court appointed trial counsel to Richardson on four separate occasions. At the time of each appointment, the trial court found Richardson to be indigent.

After the jury found Richardson guilty on both counts, the trial court signed the judgments of conviction. The following language in the judgment for count two reflects that Richardson was required to repay the legal fees for her court-appointed counsel: "ATTORNEY FEES TO BE DETERMINED." The record does not reflect that the trial court made any finding that Richardson's financial circumstances had changed since the court found her to be indigent.

## Discussion

On appeal, Richardson asserts that the trial court erred by including the "ATTORNEY FEES TO BE DETERMINED" language in the judgment for count two.[3] The State agrees that the trial court erred by including the language.

---

[3] Richardson acknowledges that the trial court has not assessed a specific fee award against her but argues that this matter is still ripe for our consideration. We agree. *See Jones v. State*, 428 S.W.3d 163, 172 n.2 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (disagreeing with State's contention that issue was not ripe for consideration because no specific dollar amount of attorney's fees had been assessed against appellant and holding that issue was ripe for consideration because trial court had determined in its written judgment that appellant was responsible for attorney's fees and had ordered appellant to pay attorney's fees); *see also See Guevara v. State*, No.

Code of Criminal Procedure article 26.05(g) permits a trial court to order a defendant to repay all or part of the costs of court-appointed legal services that the court finds the defendant is able to pay. *See* TEX. CODE CRIM. PROC. art. 26.05(g); *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013). The determination of a defendant's ability to pay must be made at the time of the judgment or order at issue. *See Wolfe v. State*, 377 S.W.3d 141, 146 (Tex. App.—Amarillo 2012, no pet.). Under article 26.05(g), the defendant's "financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Cates*, 402 S.W.3d at 251 (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

A "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. art. 26.04(p). To support an order to pay attorney's fees made after a prior finding of indigence, the record must contain a finding by the trial court of a material change in the defendant's financial circumstances. *See id.*; *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013).

---

02-21-00069-CR, 2022 WL 1042919, at *2 n.1 (Tex. App.—Fort Worth Apr. 7, 2022, no pet.) (mem. op., not designated for publication) (citing *Jones* and holding that appeal from order requiring that "defendant shall contribute to the cost of the legal services and related expenses" for his court-appointed counsel was ripe for consideration even though no specific attorney's fee award was ordered).

4

Here, during the pendency of the case, the trial court determined on four separate occasions that Richardson was indigent in conjunction with appointing trial counsel to her. In the judgment for count two, the trial court included the language "ATTORNEY FEES TO BE DETERMINED," thereby indicating that Richardson was required to repay the attorney's fees of her court-appointed counsel. However, the record does not include any finding by the trial court that Richardson's financial circumstances had changed since the court's indigency findings. Therefore, we hold that the trial court erred by including the "ATTORNEY FEES TO BE DETERMINED" language in the judgment for count two.

We sustain Richardson's sole issue.

## Conclusion

We affirm the trial court's judgment of conviction for count one. We modify the judgment of conviction for count two by deleting the "ATTORNEY FEES TO BE DETERMINED" language from the judgment. *See Cates*, 402 S.W.3d at 252 (modifying judgment to delete attorney's fees after defendant was erroneously ordered to pay fees). As modified, we affirm the trial court's judgment for count two.

Richard Hightower
Justice

Panel consists of Justices Goodman, Landau, and Hightower.

Do not publish.  Tex. R. App. P. 47.2(b).