

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00513-CR

PAUL ALLEN THIAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 65,069-A, Honorable Dan L. Schaap, Presiding

November 20, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

A jury found appellant Paul Allen Thias guilty of burglary of a building, enhanced by prior convictions, and set punishment at eighteen years' confinement in prison. The trial court pronounced sentence accordingly.

On appeal, appellant does not challenge his conviction and sentence. Rather, through four issues he complains of various court costs assessed against him through the judgment. He specifically argues: the statutory consolidated conviction fee taxed as a court cost resulted in a taking from him of $1.61 in violation of the takings clause of

the Texas Constitution;[1] because he was at all times indigent, insufficient evidence supported taxation of court-appointed attorney's fees as a cost of court; insufficient evidence supported taxation of a sheriff's fee of $130 as a cost of court; and assessment of a jury fee of $30 was error because the maximum amount authorized by statute is $20. We will dismiss appellant's challenge to the jury fee cost as moot. We will modify the judgment and the trial court's withholding order. As modified, we will affirm the judgment of the trial court.

Background

Appellant's sentence was imposed on November 15, 2012. The trial court signed a written judgment on November 20, stating in relevant part:

> The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated as per attached bill of costs.
>
> The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the Potter County District Clerk. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court as per attached bill of costs.
>
> (Bolding and capitalization in original.)

Elsewhere the judgment recites, "Court Costs: $ as per attached bill of costs." Directly after the judgment in the clerk's record appears an itemized bill of costs dated November 21, 2012 in the total amount of $379. Charges relevant to appellant's issues on appeal are: "[Consolidated Fees on Conviction[2]] LGC 133.102 133.00"; "Jury Fee

_____

[1] TEX. CONST. art. I, § 17.

[2] Local Government Code § 133.102(a)(1) (entitled "Consolidated Fees on Conviction") states, "A person convicted of an offense shall pay as a court cost, in

2

CCP 102.004 30.00"; and "Sheriff Fees CCP 120.011 130.00." All categories of attorney's fees on the form show a zero balance. On December 3, 2012, the trial court signed an order directing the Texas Department of Criminal Justice to withhold the sum of $379 from appellant's inmate trust account.

A May 17, 2013 bill of costs appears in a first supplemental clerk's record. It contains the three previously noted cost balances but adds "Attorney Fee(s)-Original Plea Agreement CCP 26.05 2,737.50." This bill of costs states a total cost balance due of $3,014.16.

A July 16, 2013 bill of costs appears in a second supplemental clerk's record. It differs from previous versions in a couple of ways relevant to appellant's issues. The bill specifies a jury fee of $20 and increases the attorney's fee category with the following entry: "Attorney Fee(s)-Original Plea Agreement CCP 26.05 4,485.72." The bill states a cost balance due of $4,696.38 after credit for payment of $158.34.

Analysis

Appellant contends in his first issue that section 133.102(e)(9) of the Texas Local Government Code requires him, as a convicted felon, to pay a conviction fee for a public use in violation of Article I, § 17 of the Texas Constitution. Particularly, appellant charges that under the statute 1.2090 percent (or $1.61) of the conviction fee of $133 he is obligated to pay is earmarked for a public purpose. Hence, appellant reasons,

_____

addition to all other costs . . . $133 on conviction of a felony . . . ."). TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2014). Of the amount received under this section, 1.2090 percent is allocated to "an account in the state treasury to be used only for the establishment and operation of the Center for the Study and Prevention of Juvenile Crime and Delinquency at Prairie View A&M University." TEX. LOC. GOV'T CODE ANN. § 133.102(e)(9) (West Supp. 2014).

"$1.61 has been or is ordered to be intentionally taken without compensation" for a public use.

The constitutionality of a statute may be challenged in two ways: on its face or as it is applied to the particular defendant.[3] Appellant does not indicate which type of constitutional challenge he brings. And it matters not, for the record does not indicate appellant presented his contention to the trial court. His constitutional complaint thus presents nothing for our review. *See Karenev v. State,* 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ("We conclude that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute"); *Curry v. State,* 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (as-applied challenges); *Penn v. State,* No. 14-13-00263-CR, 2014 Tex. App. LEXIS 10308, at *10-11 (Tex. App.—Houston [14th Dist.] Sept. 16, 2014, n.p.h.) (mem. op., not designated for publication) (citation omitted) ("A challenge to the constitutionality of a statute may not be raised for the first time on appeal"); TEX. R. APP. P. 33.1(a)(1),(2). Accordingly his first issue is overruled.

Through his second issue, appellant argues insufficient evidence supports the inclusion of court-appointed attorney's fees as a court cost taxed against him by the judgment.[4] Appellant received court-appointed counsel for representation in the trial court and on appeal because of indigence. The record contains no evidence of a

_____

[3] *See, e.g., Karenev v. State,* 281 S.W.3d 428, 435 (Tex. Crim. App. 2009) (Cochran, J., concurring) ("A facial challenge is based solely upon the face of the penal statute and the charging instrument, while an applied challenge depends upon the evidence adduced at a trial or hearing").

[4] In his brief, appellant challenges the propriety of imposing $2,737.50 for court-appointed attorney's fees as a cost of court. After appellant filed his brief, the previously noted July 16, 2013 bill of costs listing attorney's fees of $4,485.72 was filed.

4

change of financial circumstances. The State concedes error on this point and we agree the trial court erred by imposing in its judgment an obligation on appellant to reimburse the county for fees paid his court-appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014) (providing for repayment of court-appointed attorney's fees that trial court finds defendant is able to pay); TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2014) (providing that defendant who is determined by court to be indigent is presumed to remain indigent for remainder of proceedings unless material change in his financial circumstances occurs); *Cates v. State,* 402 S.W.3d 250, 251-52 (Tex. Crim. App. 2013) (citing *Mayer v. State,* 309 S.W.3d 552 (Tex. Crim. App. 2010), and deleting court-appointed attorney's fees as record showed trial court found defendant indigent and never found him able to repay court-appointed attorney's fees). We sustain appellant's second issue and will modify the judgment to delete any order that he repay court-appointed attorney's fees.

By his third issue, appellant contends the evidence was insufficient to sustain the sheriff's fees assessment of $130. The original and first amended bills of costs merely recited "Sheriff Fees  CCP 102.011  130." According to the July 16 bill of costs, filed after appellant's brief, the sheriff's fees consist of "Bail Bond filed 8/27/2012  CCP 102.011  10.00"; "Warrant filed 8/28/2012  CCP 102.012  60"; and "Bond Surrender Warrant filed 9/19/2012  CCP 102.013  60."

Without the necessity of their pronouncement in open court, or their inclusion in the written judgment, *Weir v. State,* 278 S.W.3d 364, 367 (Tex. Crim. App. 2009), and irrespective of the defendant's ability to pay, *Williams v. State,* 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied), a person convicted of a criminal offense is

5

required to pay the statutorily-mandated fees found in section 102.021 of the Texas Government Code. Those fees include "fees for services of peace officer," which specifically include $50 for executing or processing an issued arrest warrant or capias,[5] and $10 for taking and approving a bond.[6] *See Wolfe v. State,* 377 S.W.3d 141, 146-147 (Tex. App.—Amarillo 2012, no pet.) (resolving similar appellate complaint). "A statement of an item of cost in a fee record is prima facie evidence of the correctness of the statement." TEX. CODE CRIM. PROC. ANN. art. 103.009(c) (West 2006).

We find the record sufficiently establishes sheriff's fees of $110, but not the $130 charged. Nothing explains the $10 increase over the $50 statutorily authorized for processing warrants nor does the State present controlling authority authorizing the increased amount charged. We will therefore sustain appellant's third issue to that extent and modify the judgment to indicate a sheriff's fee of $110.

By his fourth issue appellant argues the bill of costs charges an erroneous jury fee of $30. Article 102.004(a) of the Code of Criminal Procedure specifies that a defendant convicted in a district court shall pay a jury fee of $20. The State does not take exception with appellant's claim of error but points out the July 16 bill of costs corrected the jury fee to $20. We agree, and accordingly dismiss appellant's fourth issue as moot.

---

[5] TEX. GOV'T CODE ANN. § 102.021(3)(B) (West Supp. 2014).

[6] TEX. GOV'T CODE ANN. § 102.021(3)(E) (West Supp. 2014).

Conclusion

At page 2 of the judgment, the following heading appears:

<u>"Furthermore, the following special findings or orders apply</u>:"

We modify this section by adding the following:

> "As used herein the term 'Court Costs' does not include any amount of court-appointed attorney's fees. The court cost for sheriff's fees assessed by this judgment is $110."

> The trial court's December 3, 2012 withholding order is modified so that the amount withheld from appellant's inmate trust account by the Texas Department of Criminal Justice is $349. This sum does not take into consideration any credit due appellant whether for an amount previously paid or for any sums previously withheld from his inmate trust account.

As modified, the judgment of the trial court is affirmed.

James T. Campbell
Justice

Do not publish.

7