

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00117-CR

_____

JERRY DON WHATLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 294th District Court
Van Zandt County, Texas
Trial Court No. CR05-00442

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Jerry Don Whatley was convicted by a Van Zandt County jury of aggravated sexual assault of a child by touching.[1] *Whatley v. State*, 415 S.W.3d 530, 532–53 (Tex. App.—Texarkana 2013), *rev'd*, 445 S.W.3d 159 (Tex. Crim. App. 2014). Whatley was sentenced to fifty years' imprisonment, was assessed $573.00 in court costs, and was ordered to pay $3,249.00 in attorney fees. *Id.* at 533. After upholding Whatley's conviction, the Texas Court of Criminal Appeals remanded the case to this Court so that we could consider Whatley's remaining arguments that the evidence is insufficient to support the assessment of court costs and in the absence of a bill of costs and that the assessment of attorney fees was improper. *See Whatley*, 445 S.W.3d at 167 n.5. We find that the trial court's assessment of $573.00 is supported by the supplemental bill of costs, but that the order to pay $3,249.00 in attorney fees was unauthorized because Whatley was indigent.

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure the sufficiency of the evidence supporting an order of court costs by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). "If a criminal action is appealed, 'an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed.'" *Ballinger v. State*, 405

---

[1]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Twelfth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

S.W.3d 346, 348 (Tex. App.—Tyler 2013, no pet.) (quoting TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006)). "'A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.'" TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006); *see Ballinger*, 4-5 S/W/3d at 348. "The rules of appellate procedure permit supplementation of the clerk's record '[i]f a relevant item has been omitted.'" *Id.* (quoting TEX. R. APP. P. 34.5(c)(1)).

"The code of criminal procedure does not require that a certified bill of costs be filed at the time the trial court signs the judgment of conviction or before a criminal case is appealed." *Id.* (citing TEX. CODE CRIM. PROC. ANN. arts. 103.001, 103.006). "But when a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record pursuant to Rule 34.5(c) because a bill of costs is required by Article 103.006." *Id.* (citing TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006)). "Supplementing the record to include the bill of costs is appropriate and does not violate due process." *Id.*

The clerk's record in this case did not originally include a bill of costs. Pursuant to the precedent of the Tyler Court of Appeals, we asked the Van Zandt County District Clerk to prepare and file an itemized bill of costs. *See Cordero v. State*, No. 12-12-00365-CR, 2013 WL 3976048, at *4 (Tex. App.—Tyler Jul. 31, 2013, pet. ref'd) (mem. op., not designated for

3

publication).[2]  In response, we received a supplemental clerk's record containing a bill of costs. The itemized bill of costs shows that, excluding the attorney fees that were also included as court costs, the total amount of court costs was $573.00.

Because the supplemental record contains a bill of costs supporting the amount of court costs assessed, Whatley's issue with respect to court costs is moot.  *See Clemments v. State*, No. 12-12-00164-CR, 2013 WL 4769259, at *3 (Tex. App.—Tyler Sept. 4, 2013, no pet.) (mem. op., not designated for publication); *see Ballinger*, 405 S.W.3d at 349 n.4.

However, "[s]ome court costs, such as attorney fees, may not be assessed against a defendant if he was found indigent because his indigence is presumed to continue throughout the remainder of the proceedings 'unless a material change in [his] financial circumstances occurs.'" *Yon v. State*, 440 S.W.3d 828, 834 (Tex. App.—Tyler 2013, no pet.) (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014)).  "If a trial court does not make a determination that a defendant's financial circumstances materially changed . . ., the evidence will be insufficient to impose attorney's fees as court costs." *Id.* (citing TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2014); *Mayer*, 309 S.W.3d at 553; *Wolfe v. State*, 377 S.W.3d 141, 144, 146 (Tex. App.—Amarillo 2012, no pet.)).

Here, the clerk's record demonstrates that Whatley was found to be indigent at several points throughout the pendency of his case, including on the day after the judgment of conviction was entered.  As a result, the evidence is insufficient to support the imposition of attorney fees as court costs.  *See Yon*, 440 S.W.3d at 834.

---

[2]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

We overrule Whatley's complaint relating to the assessment of $573.00 in court costs, but sustain his point complaining of the order to pay attorney fees. Therefore, we modify the judgment by deleting the order that Whatley pay $3,249.00 in attorney fees and affirm the trial court's judgment, as modified.

Jack Carter
Justice

Date Submitted:       December 16, 2014
Date Decided:       December 30, 2014

Do Not Publish