# NO. 12-15-00212-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TONY LAMONT JONES,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Tony Lamont Jones appeals following his conviction for felony theft. In one issue, Appellant argues that the trial court improperly assessed attorney's fees as costs against him. We affirm.

### BACKGROUND

Appellant was charged by indictment with felony theft and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed him on community supervision for four years. As a condition of his community supervision, Appellant agreed to pay "all court cost[s], including any appointed counsel fee at the rate of $20 each month beginning October 2014."

On July 1, 2015, the State filed a motion to proceed to final adjudication, arguing that Appellant had violated certain terms and conditions of his community supervision. The trial court conducted a hearing on the matter. At the conclusion of the hearing, the trial court found that Appellant had violated certain terms and conditions of his community supervision as alleged in the State's motion, adjudicated Appellant "guilty" of felony theft, and sentenced him to imprisonment for twenty-two months. The trial court also ordered Appellant to pay court costs. This appeal followed.

## ATTORNEY'S FEES AS COURT COSTS

In his sole issue, Appellant argues that the trial court erred in assessing court costs as attorney's fees against him because he was found to be indigent.

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See **Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See **Mayer v. State***, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); ***Cardenas v. State***, 403 S.W.3d 377, 388 (Tex.–Houston [1st Dist.] 2013, no pet.). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); ***Armstrong***, 340 S.W.3d at 767; *see also **Johnson v. State***, 405 S.W.3d 350, 354 (Tex. App.–Tyler 2013, no pet.).

Some court costs, such as attorney's fees, may not be assessed against a defendant if he was found indigent because his indigence is presumed to continue throughout the remainder of the proceedings "unless a material change in [his] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2015). If a trial court does not make a determination that a defendant's financial circumstances materially changed that is also supported by some factual basis in the record, the evidence will be insufficient to impose attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2012); ***Mayer***, 309 S.W.3d at 553; ***Wolfe v. State***, 377 S.W.3d 141, 144, 146 (Tex. App.– Amarillo 2012, no pet.).

In the instant case, the Order of Deferred Adjudication reflects that the trial court assessed $614.00 in court costs. A certified bill of costs appears in the record itemizing the balance of the court costs imposed, which total $614.00. That bill of costs includes an item listed as "attorney's fees" in the amount of $300.00.

Following the revocation of Appellant's community supervision and imposition of sentence, the trial court signed a written judgment adjudicating guilt, in which it assessed court costs in the amount of $289.00. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or

fines and/or restitution" in the amount of $289.00. However, there is no other certified bill of costs in the record that corresponds to this additional assessment of costs.[1]

**Assessment of Court Costs in the Order of Deferred Adjudication**

When an accused receives deferred adjudication, the judgment adjudicating guilt sets aside the order deferring adjudication. *See* ***Hunter v. State***, No. 12-15-00268-CR, 2016 WL 1599917, at *2 (Tex. App.–Tyler Apr. 20, 2016, no pet. h.) (mem. op., not designated for publication) (citing ***Taylor v. State***, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004)). Thus, because the Order of Deferred Adjudication in the instant case is no longer in effect, its assessment of attorney's fees as costs is a nullity. We, thus, decline to modify that order.

**Assessment of Costs in Judgment Adjudicating Guilt**

Appellant argues, in the alternative, that because the record is not clear regarding how the $289.00 in costs was calculated, we should remand the cause to the trial court so that it may clarify the basis, if any, for the costs ordered.

Based on our review of the bill of costs, we note that when two items are removed, namely the $300.00 assessed as attorney's fees and the $25.00 assessed as "time payment,"[2] the total amount is reduced to $289. This amount corresponds to the costs assessed in the trial court's judgment. Because the Order of Deferred Adjudication is no longer in effect and the trial court found Appellant to be indigent, the assessment of attorney's fees would not have been appropriate. *See* ***Mayer***, 309 S.W.3d at 553. Moreover, the assessment of the "Time Payment" cost is contingent on Appellant's failure to pay by date certain. Therefore, we conclude that the trial court did not assess any attorney's fees as costs and remand is unnecessary to clarify the basis for how the $289.00 in costs were calculated.

Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

---

[1] We requested that the clerk's record be supplemented to include any additional bill of costs, but were informed that no such document exists.

[2] At the bottom of the bill of costs, it is noted that the time payment fee is assessed only if any part of a fine, court costs, or restitution is paid on or after the thirty-first day after the date the judgment assessing the fine, court costs, or restitution is entered.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 11, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 11, 2016**

**NO. 12-15-00212-CR**

**TONY LAMONT JONES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0812-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*