

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00039-CR
No. 07-25-00040-CR

BRANDON SCOTT FINCHER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court Nos. 31066C & 30864C, Honorable Ana Estevez, Presiding

July 15, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant Brandon Scott Fincher pleaded guilty to two offenses in exchange for placement on community supervision.[1]  His community supervision in each cause was

---

[1] Only one was deferred adjudication community supervision.

subject to certain terms and conditions. The State filed a motion to revoke, alleging appellant violated some of those terms and conditions.

During a hearing on the State's motion to revoke community supervision, appellant pleaded "true" to the State's allegations and was found to have violated the terms of his community supervision. The trial court revoked his community supervision in one cause and sentenced him to serve twenty months. The trial court adjudicated appellant guilty of the second offense, revoked his community supervision, and sentenced him to serve thirty-five years for that offense. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal in either cause. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We affirm the trial court's judgments as modified herein.

Pursuant to *Anders*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw in each cause with this court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." *See also Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991); *Davis v. State*, 683 S.W.3d 828, 829–30 (Tex. App.—Amarillo 2023, no pet.).

2

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319-22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this court in writing that he: 1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; 2) provided appellant with copies of both pleadings; 3) informed appellant of his rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeals are frivolous; and 4) provided appellant with the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319-20; *see also In re Schulman*, 252 S.W.3d at 408-09. By letter, the court notified appellant of his right to file a response to counsel's motions and briefs, if he wished to do so. To date, no response has been received.

When this court receives an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). We have reviewed the records and counsel's brief and we have found nothing that would arguably support an appeal.[2] *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals

---

[2] A plea of true, standing alone, is sufficient to revoke community supervision. *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex. Crim. App. 2015).

met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

As part of our review, and as raised by counsel, we reviewed the certified bills of costs. There is a time payment fee of $15.00 assessed against appellant in each cause. The Texas Court of Criminal Appeals concluded that a time payment fee like those imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.* Accordingly, pursuant to *Dulin*, we strike the time payment fee and modify the bills of costs and judgments in each cause by deleting the fee.

Additionally, counsel raises the assessment of attorney's fees against appellant in the judgments and associated bills of costs herein and argues this court should reform the judgments and bills of costs to delete those fees based on our decision in *Phea v. State*, No. 07-24-00311-CR, 2025 Tex. App. LEXIS 1175, at *3-4 (Tex. App.—Amarillo Feb. 25, 2025, no pet.) (mem. op., not designated for publication). We decline to do so.

There are several bills of costs in these cases; the original bills of costs as part of the original guilty pleas, assessing a total of $2,200 in one cause and $700 in the other, and two bills of costs at the time of revocation, again assessing $2,200 in one cause and $700 in the other. The first original bill of costs includes $100 in attorney's fees for services rendered by appellant's first appointed counsel, Ryan L. Turman. The second

4

original bill appears to be a corrected bill of costs that includes the fees assessed for services rendered by both Turman and appellant's subsequently appointed counsel, Misty Lynn Walker. Walker represented appellant from September 14, 2021, until August 19, 2024, when appellant retained Charles Vallhonrat to represent him.[3]

A challenge to the originally imposed attorney's fees at this juncture is untimely. *See Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013); *Tunstall v. State*, Nos. 07-24-00269-CR, 07-24-00270-CR, 2024 Tex. App. LEXIS 8560, at *5 (Tex. App.—Amarillo Dec. 10, 2024, no pet.) (mem. op., not designated for publication); *Schumann v. State*, No. 12-23-00068-CR, 2023 Tex. App. LEXIS 9380, at *4 (Tex. App.—Tyler Dec. 14, 2023, no pet.) (mem. op., not designated for publication). We note also that appellant, on the record, told the court he was able to pay court costs and attorney's fees at the time he pleaded guilty if he could do so with a payment plan and "[a]s long as they are reasonable."

In *Phea*, we noted that the order deferring the adjudication of guilt directed appellant to pay costs and fees as reflected in the bill of costs, but the bill dated the same day omitted attorney's fees. *Id.* at *4. Therefore, we could not find attorney's fees were

---

[3] As counsel notes in his brief, and the record supports, appellant apparently retained an attorney during the pendency of the case, and it was retained counsel who represented him at the revocation hearing. Appellant also represented in the record that he could pay his court costs and attorney's fees following his release. When the trial court asked appellant at the conclusion of the revocation hearing whether he could pay court costs and attorney's fees right now, he answered negatively. However, he answered affirmatively when asked whether he could once released on parole. These things could indicate his indigency status changed and also show an inquiry into appellant's ability to pay was made on the record. TEX. CRIM. PROC. CODE ANN. art. 26.05(g); TEX. CODE CRIM. PROC. ANN. art. 42.15; *Wolfe v. State*, 377 S.W.3d 141, 144 (Tex. App.—Amarillo 2012, no pet.); *see also Martinez v. State*, No. 07-23-00045-CR, 2024 Tex. App. LEXIS 19, at *12 (Tex. App.—Amarillo Jan. 3, 2024, no pet.) (mem. op., not designated for publication) (noting same). However, that is irrelevant since all the assessed attorney's fees were part of the original pleas and agreed to and not challenged by appellant.

lawfully assessed at the time guilt was deferred and consequently found the bill of costs could be interpreted as including a fee never assessed in the earlier bill of costs. In the case before us, however, the attorney's fees were reflected on all bills of costs. Appellant accepted those as part of his guilty pleas and did not challenge them at the time he pleaded. Thus, they were lawfully assessed at that time. We find the attorney's fees were properly assessed against appellant.

We affirm the trial court's judgments and bills of costs as modified herein.[4]

Brian Quinn
Chief Justice

Do not publish.

---

[4] We grant counsel's motion to withdraw. Within five days from the date of this court's opinion, counsel is ordered to send a copy of this opinion and this court's judgment to appellant and to advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).